IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| LITHIUMHUB, LLC and LITHIUMHUB TECHNOLOGIES, LLC,<br><br>       Plaintiffs,<br><br>    v.<br><br>RELION BATTERY (SHENZHEN) TECHNOLOGY CO.<br>4th Floor, Cui Hua Sa Industrial Part,<br>No. 144 Botanical Garden Road,<br>Shenzhen<br>China<br><br>       Defendant. | CIVIL ACTION<br><br>NO. 5:24-cv-00135 |

**MOTION OF DEFENDANT RELION BATTERY (SHENZHEN) TECHNOLOGY CO. TO STAY ALL CLAIMS PENDING FINAL DISPOSITION OF RELATED PROCEEDING BEFORE THE UNITED STATES INTERNATIONAL TRADE COMMISSION**

Pursuant to 28 U.S.C. § 1659(a) and this Court's inherent power to control its docket, Defendant Relion Battery (Shenzhen) Technology Co. ("Relion" or "Defendant") respectfully moves this Court to stay all claims asserted against it in the above-captioned matter until final disposition of the United States International Trade Commission ("ITC") investigation titled *In The Matter Of Certain Rechargeable Batteries and Components Thereof*, Inv. No. 337-TA-1421.

In this case, Plaintiff LithiumHub, LLC and Plaintiff LithiumHub Technologies, LLC (collectively, "Plaintiffs") allege that Defendant Relion Battery (Shenzhen) Technology Co. has infringed two patents: U.S. Patent Nos. 9,412,994 (the "'994 patent") and 9,954,207 (the "'207 patent"). Plaintiffs have asserted both the '994 patent and the '207 patent (the "ITC patents") against Relion Battery (Shenzhen) Technology Co. in ITC Inv. No. 337-TA-1421. Accordingly, pursuant to 28 U.S.C. § 1659(a), which requires that a district court stay a pending action that concerns the same patents and legal issues asserted before a parallel ITC Investigation, the Court

is to stay Plaintiffs' case involving the ITC patents.

## I. BACKGROUND

On September 13, 2024, Plaintiffs filed with the Court a lawsuit alleging infringement of the '994 patent and the '207 patent against Defendant Relion Battery (Shenzhen) Technology Co. Plaintiffs also recently filed a Complaint with the ITC under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337"). The ITC Complaint alleges infringement by Relion of the same patents at issue in this lawsuit. On October 16, 2024, the ITC instituted an investigation in response to Plaintiffs' Complaint, naming Relion, among others, as a Respondent in the investigation and placing in issue the same patents asserted in this lawsuit. *See* ITC Notice of Investigation (89 Fed. Reg. 84194) issued on October 16, 2024, and original ITC Complaint filed on September 12, 2024, attached, respectively, as Exhibits 1-2, to the Declaration of Abelino Reyna.

## II. A STAY OF THIS ACTION IS MANDATORY UNDER 28 U.S.C. § 1659

When an alleged infringement occurs in connection with importation, a patentee may bring parallel patent infringement actions before both the district court and the ITC. *Texas Instruments, Inc. v. Tessera, Inc.* 231 F.3d 1325, 1330 (Fed. Cir. 2000). However, 28 U.S.C. § 1659 includes a mandatory stay provision that "places limits on the timing of parallel actions involving the Commission and a district court." *Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir. 2006). That is, pursuant to 28 U.S.C. § 1659, a party to a district court action who is a respondent in an ITC investigation involving the same issues has the right to request a stay of the district court action. The stay is mandatory and not subject to court discretion:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such a request is made within (1) 30

3

days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a). The purpose of Section 1659 is to prevent separate proceedings in the ITC and in district court on the same issues at the same time. *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007). A stay is mandatory when parallel claims involve the same issues about the same patent(s). *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1065 (W.D. Wis. 2008).

A stay of this case involving the ITC patents, which are asserted both here and in the ITC complaint, is mandatory pursuant to 28 U.S.C. § 1659(a). Defendant Relion and Plaintiffs are parties to this case and also parties to Inv. No. 337-TA-1421, which involves the same issues presented here: the alleged infringement of the '994 patent and the '207 patent. Defendant's request to stay is timely. The ITC instituted Inv. No. 337-TA-1421 on October 16, 2024, and notice was published in the Federal Register on October 21, 2024. This motion is therefore filed within the thirty-day period allotted by 28 U.S.C. § 1659(a)(1) for bringing a motion to stay.

Because the requirements for a mandatory stay are satisfied, the Court should stay the action against Defendant Relion involving the '994 patent and the '207 patent.

### III. THE COURT HAS INHERENT AUTHORITY TO STAY THE CASE

A federal district court has discretion to stay proceedings in exercising its inherent authority to control the disposition of its cases. *See Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (whether to stay an action is a matter of the trial court's discretion): *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). Further, when and how to stay proceedings is within the sound discretion of the trial court. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).

As set forth above, this action and the ITC Investigation involve the same parties and the same issues, namely whether Defendant Relion's accused product infringes any valid, enforceable claims of the '994 patent and the '207 patent. Permitting this case to proceed along with the ITC

4

Investigation would result in the expenditure of unnecessary time by the Court and could lead to duplicative and inconsistent outcomes regarding the same patents.  Accordingly, in view of the interest in conserving judicial resources and to avoid inconsistent results from the parallel litigations, Defendant Relion respectfully requests that the Court grant a stay of this action pursuant to its inherent authority.

### IV.     CONCLUSION

Based on all the foregoing reasons, Defendant respectfully requests the Court grant a stay of all claims against Defendant Relion pending final determination in the ITC investigation.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

Dated: November 20, 2024

  /s/ Abelino Reyna
Abelino Reyna
Texas Bar No. 24000087
Patterson + Sheridan, L.L.P.
729 Washington Avenue, Suite 200
Waco, TX 76701
(Tel): 866-623-4844
(Fax): 877-777-8071
areyna@pattersonsheridan.com

Tony V. Pezzano (*pro hac vice pending*)
Lead Attorney
New York Bar No. 2315547
Lippes Mathias LLP
420 Lexington Avenue, Suite 2005
New York, NY 10170
(Tel):646-650-5565
(Fax): 716-853-5199
tpezzano@lippes.com

*Attorneys for Defendant*
*Relion Battery (Shenzhen) Technology Co.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is unopposed.  The personal conference required by Local Rule CV-7(h) was conducted on November 19, 2024 via telephone conference between Abelino Reyna of Patterson + Sheridan, L.L.P. and Scott Cole of Dority & Manning, P.A.

                                                                    */s/ Abelino Reyna*
                                                                    Abelino Reyna

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November 2024, I filed the foregoing document using the CM/ECF system, which will send notice of such filing to counsel of record for the parties.

                                                                    */s/ Abelino Reyna*
                                                                    Abelino Reyna