**BARTKOWSKI** PLLC

Thomas R. Burns, Jr.
Tel: (202) 643-9407
tburns@bartkowskipllc.com

September 12, 2024

**VIA EDIS**

The Honorable Lisa R. Barton
Secretary
U.S. International Trade Commission
500 E. Street S.W., Room 112
Washington, D.C. 20436

Re:     *In the Matter of Certain Rechargeable Batteries and Components Thereof*
        Inv. No. 337-TA-_____

Dear Secretary Barton:

Enclosed for filing on behalf of Complainants LithiumHub, LLC, Lithiumhub Technologies, LLC, and Martin Koebler ("Complainants") are documents listed below in support of Complainants' request that the U.S. International Trade Commission institute an investigation pursuant to Section 337 of the Tariff Act of 1930, as Amended, concerning certain rechargeable batteries and components thereof.

In accordance with the Commission's modified filing requirements, 85 Fed. Reg. 15798, please find the necessary documentation attached, including:

1. One (1) electronic copy of the Non-Confidential Verified Complaint and Public Interest Statement, pursuant to the Commission Rules 210.8(a)(1)(i) and 210.8(b);

2. One (1) electronic copy of the Non-Confidential Exhibits to the Complaint; pursuant to Commission Rules 210.8(a)(1)(i) and 201.12(a)(9), including:

   a. One (1) electronic copy of the certified versions of asserted U.S. Patent No. 9,412,994 ("the '994 patent") and U.S. Patent No. 9,954,207 ("the '207 patent") (collectively, the "Asserted Patents"), pursuant to Commission Rule 210.12(a)(9)(i); and

   b. One (1) electronic copy of the certified version of the assignment records for the Asserted Patents, pursuant to Commission Rule 210.12(a)(9(ii).

3. One (1) electronic copy of the certified prosecution histories of each of the Asserted Patents, pursuant to Commission Rule 201.12(c)(i), as well as one (1) electronic copy of the certified prosecution history of the provisional applications the Asserted Patents claim priority to;

4. One (1) electronic copy of each of the patents and technical references identified in the prosecution histories of the Asserted Patents, pursuant to Commission Rule 210.212(c)(ii); and

September 12, 2024
Page 2


    5.  One (1) electronic copy of Complainants' letter and certification requesting confidential
        treatment of the Confidential Exhibits, pursuant to Commission Rules 210.5(d) and
        201.6(b).

Thank you for your attention to this matter.  Please feel free to contact me with any questions
regarding this submission.


Respectfully submitted,

*s/ Thomas R. Burns, Jr*
Thomas R. Burns, Jr.

Enclosures

**BARTKOWSKI** PLLC

Thomas R. Burns, Jr.
Tel: (202) 643-9407
tburns@bartkowskipllc.com

September 12, 2024

**VIA EDIS**

The Honorable Lisa R. Barton
Secretary
U.S. International Trade Commission
500 E. Street S.W., Room 112
Washington, DC  20436

Re:     *In the Matter of Certain Rechargeable Batteries and Components Thereof*
        Inv. No. 337-TA-____

Dear Secretary Barton:

In accordance with 19 C.F.R. §§ 201.6(b)(1), 201.8(g) and 210.5, Complainants LithiumHub, LLC, Lithiumhub Technologies, LLC, and Martin Koebler ("Complainants") respectfully request confidential treatment of certain confidential business information contained in Complainants' Confidential Exhibits 24C-26C, 36C, 41C, 46C, 54C, 61C, 67C, and 74C.

The information for which confidential treatment is sought is, or would disclose, proprietary commercial information not otherwise publicly available. Specifically, the Confidential Exhibits contain confidential and proprietary financial information of Complainants, confidential information regarding Complainants' licensing agreements, and confidential information regarding Complainants' business decisions relating this investigation.

Confidential treatment is sought for the following exhibits:

| | |
|---|---|
| Confidential Exhibit 24C: | Patent License Agreement |
| Confidential Exhibit 25C: | Consulting and Royalty Agreement |
| Confidential Exhibit 26C: | Patent License Agreement |
| Confidential Exhibit 36C: | Invoice for purchase of Accused Product |
| Confidential Exhibit 41C: | Invoice for purchase of Accused Product |
| Confidential Exhibit 46C: | Invoice for purchase of Accused Product |
| Confidential Exhibit 54C: | Invoice for purchase of Accused Product |
| Confidential Exhibit 61C: | Invoice for purchase of Accused Product |

| Confidential Exhibit 67C: | Invoice for purchase of Accused Product |
|---|---|
| Confidential Exhibit 74C | Domestic Industry Exhibit |

I certify the information described above qualifies for confidential treatment pursuant to 19 C.F.R. § 201.6 because; (1) substantially identical information is not available to the public; (2) unauthorized disclosure of such information could cause substantial harm to the competitive positions of Complainants and third parties; and (3) the disclosure of such information for which Complainants seeks confidential treatment could impair the Commission's ability to obtain information necessary to perform its statutory function.

Respectfully submitted,

*/s/ Thomas R. Burns, Jr.*
Thomas R. Burns, Jr.

Enclosures

**UNITED STATES INTERNATIONAL TRADE COMMISSION**

**WASHINGTON, D.C.**

| |
|---|
| **In the Matter of** |
| **CERTAIN RECHARGEABLE BATTERIES AND COMPONENTS THEREOF** |

Inv. No. 337-TA-_____

## COMPLAINANTS' INITIAL STATEMENT REGARDING THE PUBLIC INTEREST

Pursuant to 19 C.F.R. § 210.8(b), Complainants LithiumHub, LLC, Lithiumhub Technologies, LLC, and Martin Koebler (collectively, "Complainants") hereby submit this Statement Regarding the Public Interest with respect to the remedial orders sought against Proposed Respondents Bass Pro Outdoor World LLC; Cabela's LLC; Navico Group Americas LLC; Relion Battery (Shenzhen) Technology Co.; Renogy New Energy Co., LTD; RNG International; Clean Republic SODO LLC; Shenzhen Yichen S-Power Tech Co., LTD; Shenzhen FBtech Electronics LTD; Shenzhen LiTime Technology Co., LTD; Dragonfly Energy Corp.; Dragonfly Energy Holdings Corp.; and MillerTech Energy Solutions LLC (collectively, "Respondents").

Complainants seek permanent limited exclusion orders excluding from entry into the United States certain rechargeable batteries and components thereof that infringe one or more claims of the U.S. Patent Nos. 9,412,994 and 9,954,207 (collectively, the "Asserted Patents"). Complainants also seek permanent cease-and-desist orders prohibiting the Proposed Respondents, their parents, subsidiaries, related companies, and agents from importing, marketing, advertising, demonstrating, warehousing inventory for distribution, offering for sale, selling, qualifying for use in the products of others, distributing, selling after importation, or

using the Accused Products. The issuance of the requested relief will not adversely impact the public health, safety, or welfare conditions in the United States, competitive conditions in the United States economy, the production of like or directly competitive articles in the United States, or United States' consumers.

## I. HOW THE ARTICLES POTENTIALLY SUBJECT TO THE REQUESTED REMEDIAL ORDERS ARE USED IN THE UNITED STATES

The articles potentially subject to exclusion and/or cease-and desist orders include certain rechargeable lithium-ion batteries and components thereof that are sold directly to consumers or provided to manufacturers of recreational vehicles, golf carts, boats, electric bicycles, scooters, and the like. The Accused Products are used in these types of electric vehicles, powering electric motors, and additionally as power sources for starting internal combustion engines. Furthermore, Proposed Respondents have likely sold for importation and/or sold after importation infringing lithium-ion batteries to be used as replacement parts in at least the recreational marine industry.

## II. THE REQUESTED REMEDIAL ORDERS WOULD NOT HAVE ANY SIGNIFICANT ADVERSE EFFECT ON PUBLIC HEALTH, SAFETY, OR WELFARE CONDITIONS IN THE UNITED STATES

If issued, the requested remedial orders would have no adverse impact upon the public health, safety, or welfare of the United States. There are no health or safety-related features unique to Respondents' Accused Products and excluding the Accused Products will not deprive the public of products necessary for some important health or welfare need. *Spansion, Inc. v. Int'l Trade Comm'm*, 629 F.3d 1331, 1360 (Fed. Cir. 2010). For instance, the Accused Products are not pharmaceuticals or essential equipment for medical treatment, *see Spansion*, 629 F.3d at 1360, and excluding the Accused products will not deprive the American public of access to any product that "provides benefits unavailable from any other device or method of treatment." *Certain Fluidized Supporting Apparatus & Components Thereof*, Inv. No.337-TA-182/188,

Comm'n Op. at 23-25 (Oct. 5, 1984). The requested remedial orders raise no public interest concerns at least because: (1) the Accused Products are rechargeable batteries and components thereof that do not raise significant public health, safety, or welfare concerns; (2) the Asserted Patents are not standard essential patents; (3) Complainants and third parties sell articles that directly compete with, and are substitutes for the Proposed Respondents' Accused Products in the United States; and (4) the Complainants and other third parties can fill any void in the market.

III.    **LIKE OR DIRECTLY COMPETITIVE ARTICLES ARE AVAILABLE TO SATISFY DEMAND FOR ANY EXCLUDED ACCUSED PRODUCTS**

No public interest concerns exist where, as here, the market contains adequate supply of substitute products for those subject to a remedial order. *See Certain Lens-Fitted Film Packages,* Inv. No. 337-TA-406, Comm'n Op. at 18 (June 28, 1999). Here, the Proposed Respondents represent only a portion of a competitive market for rechargeable batteries. Complainants and other entities not subject to this Investigation adequately supply the market and will continue to do so even if the requested remedial orders are issued.

IV.    **THERE IS SUFFICIENT CAPACITY TO REPLACE EXCLUDED ACCUSED PRODUCTS**

The presence of an adequate supply of substitute products is sufficient to override any public interest concerns. *Id*. LithiumHub's products, products licensed under the Asserted Patents, and non-infringing alternatives can readily replace any Accused Products that are excluded from importation or sale. Further, LithiumHub may also authorize others to supply products that would be able to replace the Accused Products if the Accused Products are excluded. Consequently, consumers will be able to obtain rechargeable batteries from Complainants and third parties in amounts sufficient to meet demand should the Accused Products be excluded from the United States. Accordingly, Proposed Respondents' Accused

Products can and will be replaced by the market if the relief sought is granted. This obviates any potential adverse impact the requested remedial orders might otherwise have on the public

## V.     THE REQUESTED REMEDIAL PRDERS WOULD NOT HAVE A SIGNIFICANT NEGATIVE IMPACT ON CONSUMERS IN THE UNITED STATES

If Respondent's Accused Products are excluded from the United States, there will be no interruption in rechargeable battery products available to meet the market demand. Importantly, it is likely that a remedial order would foster new and non-infringing innovations that would benefit consumers in the United States, or lead to Respondents licensing the technology that they currently use without authorization from Complainants. The requested remedial orders are unlikely to cause an increase in customer cost for the batteries in this market segment, but even if the remedial orders did cause a slight increase in cost to customers, a price increase alone is insufficient to warrant preclusion of a remedial order. *Id.* at 40 (finding some price increase "does not justify a determination that the public interest in protecting the intellectual property rights is in any way outweighed"). Accordingly, because of the ability of Complainants, their current licensees, and providers of non-infringing products to fill any void in consumer demand, any impact to the public interest by issuance of the requested remedial orders would be minimal.

## VI.     CONCLUSION

Issuing permanent limited exclusion orders and cease-and-desist orders in this Investigation against Respondents infringing products will have no significant adverse effects on the public health, safety, or welfare in the United States, and the availability of such products and related services to consumers.

Dated: September 12, 2024                    Respectfully submitted,


                                             */s/ Thomas R. Burns, Jr.*
                                             Paul M. Bartkowski
                                             Thomas R. Burns, Jr.
                                             **BARTKOWSKI PLLC**
                                             6803 Whittier Ave., Suite 200A
                                             McLean, VA 22101
                                             Telephone: (571) 533-3581
                                             Facsimile: (571) 775-3883
                                             E-Mail: LITH-ITC@dority-manning.com

                                             Timothy F. Williams
                                             Scott A. Cole
                                             Mark H. Johnson
                                             **Dority & Manning LLP**
                                             Two Liberty Square
                                             75 Beattie Place, Suite 1100
                                             Greenville SC 29601
                                             Telephone: (800) 815-6705
                                             Facsimile: (864) 233-7342
                                             Email: LITH-ITC@dority-manning.com

                                             Nicole S. Cunningham
                                             Steven A. Moore
                                             Helen Zhang
                                             **Dority & Manning LLP**
                                             2869 Historic Decatur Road
                                             San Diego, CA 92106
                                             Facsimile: (864) 233-7342
                                             Telephone: (800) 815-6705

                                             *Counsel for LithiumHub, LLC, Lithiumhub*
                                             *Technologies, LLC, and Martin Koebler*

UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN RECHARGEABLE BATTERIES AND COMPONENTS THEREOF** | Inv. No. 337-TA-____ |

## VERIFIED COMPLAINT OF LITHIUMHUB, LLC, LITHIUMHUB TECHNOLOGIES, LLC, AND MR. MARTIN KOEBLER UNDER SECTION 337 OF THE TARIFF ACT OF 1930, AS AMENDED

**COMPLAINANTS**

LithiumHub, LLC
125 Tate Road
Norris, SC 29667

Lithiumhub Technologies, LLC
104 E Houston, Ste. 150
Marshall, TX 75670

Mr. Martin Koebler
125 Tate Road
Norris, SC 29667

**COUNSEL FOR COMPLAINANTS**

Tim F. Williams
Scott A. Cole
Mark H. Johnson
**Dority & Manning LLP**
Two Liberty Square
75 Beattie Place, Suite 1100
Greenville, SC 29601
Telephone: (800) 815-6075
Facsimile: (864) 233-7342
Email: LITH-ITC@dority-manning.com

**PROPOSED RESPONDENTS**

Bass Pro Outdoor World LLC
2500 East Kearney Street
Springfield, MO 65898

Cabela's LLC
2500 East Kearney Street
Springfield, MO 65898

Navico Group Americas LLC
N85 W12545 Westbrook Crossing
Menomonee Falls, WI 53051

Relion Battery (Shenzhen) Technology Co.
Room 410, 4th Floor, Cui Hua Da Industrial
Park, No. 144 Botanical Garden Road,
Nanyu E Community
Shenzhen, China

Renogy New Energy Co., LTD
25A, Hengye Platinum, No. 1338
Sanxiang Road, Gusu District
Suzhou City, Jiangsu, China

RNG International Inc.
5050 S. Archibald Avenue
Ontario, CA 91762

Nicole S. Cunningham
Steven A. Moore
Helen Zhang
**Dority & Manning LLP**
2869 Historic Decatur Rd.
San Diego CA 92106
Telephone: (800) 815-6075
Facsimile: (864) 233-7342
Email: LITH-ITC@dority-manning.com

Paul M. Bartkowski
Thomas R. Burns, Jr.
**BARTKOWSKI PLLC**
6803 Whittier Ave, Suite 200A
McLean, VA 22101
Telephone: (571) 533-3581
Facsimile: (571) 775-3883
Email: LITH-ITC@dority-manning.com

Clean Republic SODO LLC
225 S. Lucile St.
Seattle, WA 98108

Shenzhen Yichen S-Power Tech Co. LTD
Floor 7, Building B4b,
Yingzhan Industrial Zone, Longtian Community,
Zehgzi Street, Pingshan District, Shenzhen, China

Shenzhen Fbtech Electronics LTD.
No 4-5, Fendmenyuan Industrial Park,
Fenfhuang Avenue, Longgang
Shenzhen, Guangdong, China

Shenzhen LiTime Technology Co., LTD
Room 301, Building B, Baolong 5th Road
Baolong Community, Baolong Street,
Shenzhen, Guangdong, China

Dragonfly Energy Corp.
1190 Trademark Dr. #108
Reno, NV 89521

Dragonfly Energy Holdings Corp.
1190 Trademark Dr. #108
Reno, NV 89521

MillerTech Energy Solutions LLC
14632 Old State Road
Middlefield, OH 44062

I.    INTRODUCTION ................................................................................................. 1

II.    THE PARTIES...................................................................................................... 3

    A.    Complainants ........................................................................................... 3

    B.    Proposed Respondents ............................................................................. 4

        1.    Proposed Respondents Bass Pro Outdoor World L.L.C. and Cabela's LLC, (collectively, the "Bass Pro Respondents")...................... 4

        2.    Proposed Respondent Navico Group Americas, LLC ("Navico Group").................................................................................. 5

        3.    Proposed Respondent Relion Battery (Shenzhen) Co. Ltd. ("Relion").................................................................................................. 5

        4.    Proposed Respondents Renogy New Energy Co., LTD and RNG International Inc. (the "Renogy Respondents")................................. 5

        5.    Proposed Respondent Clean Republic SODO LLC ("Dakota")................................................................................................ 6

        6.    Proposed Respondent Shenzhen Yichen S-Power Tech Co. LTD. ("Yichen")................................................................................... 6

        7.    Proposed Respondent Shenzhen Fbtech Electronics LTD. ("Fbtech") ................................................................................................. 7

        8.    Proposed Respondent Shenzhen LiTime Technology Co., Ltd ("LiTime")........................................................................................ 7

        9.    Proposed Respondents Dragonfly Energy Corp. and Dragonfly Energy Holdings Corp. (the "Dragonfly Respondents")........................................................................................ 7

        10.    Proposed Respondents MillerTech Energy Solutions LLC ("MillerTech") ..................................................................................... 8

III.    THE TECHNOLOGY AND PRODUCTS AT ISSUE ...................................... 8

    A.    The Technology at Issue .......................................................................... 8

    B.    The Products at Issue ............................................................................... 9

        1.    Complainants' Products........................................................................... 9

        2.    Proposed Respondents' Products............................................................ 10

IV.    THE ASSERTED PATENTS............................................................................ 11

    A.    The '994 Patent...................................................................................... 11

        1.    Identification of the Patent and Ownership ............................................ 11

        2.    Non-Technical Description...................................................................... 11

        3.    Foreign Counterparts to the '994 Patent ............................................... 12

|   | 4. | Licenses | 12 |
| B. | | The '207 Patent | 13 |
|   | 1. | Identification of the Patent and Ownership | 13 |
|   | 2. | Non-Technical Description | 13 |
|   | 3. | Foreign Counterparts to the '207 Patent | 14 |
|   | 4. | Licenses | 14 |

V. UNLAWFUL AND UNFAIR ACTS OF PROPOSED RESPONDENTS – IMPORTATION AND PATENT INFRINGEMENT ........................... 14

|   | 1. | The Bass Pro Respondents | 15 |
|   | 2. | Navico Group | 17 |
|   | 3. | Relion | 21 |
|   | 4. | The Renogy Respondents | 22 |
|   | 5. | Dakota | 24 |
|   | 6. | Yichen | 28 |
|   | 7. | Fbtech | 29 |
|   | 8. | LiTime | 29 |
|   | 9. | The Dragonfly Respondents | 31 |
|   | 10. | MillerTech | 34 |

VI. RELATED LITIGATION .................................................. 38

VII. CLASSFICATION UNDER THE HARMONIZED TARIFF SCHEDULE .......... 38

VIII. DOMESTIC INDUSTRY .................................................. 38

| A. | | The Technical Prong | 39 |
|   | 1. | The '994 Patent | 39 |
|   | 2. | The '207 Patent | 39 |
| B. | | The Economic Prong | 40 |
|   | 1. | A Domestic Industry Relating to the Domestic Industry Products Exists | 41 |
|   | 2. | A Domestic Industry Relating to the Domestic Industry Products is in the Process of Being Established | 42 |
|   | 3. | A Domestic Industry Relating to the Domestic Industry Products Exists Based on Investments by Licensee Goodall | 43 |

IX. REQUESTED RELIEF ..................................................... 45

## <u>LIST OF EXHIBITS</u>

| Exhibit No. | Description |
|:---:|:---|
| 1 | Certified copy of U.S. Patent No. 9,412,994 |
| 2 | Certified copy of assignment records of U.S. Patent No. 9,412,994 and application therefor |
| 3 | Certified copy of U.S. Patent No. 9,954,207 |
| 4 | Certified copy of assignment records of U.S. Patent No. 9,954,207 and application therefor |
| 5 | Bass Pro Outdoor World, L.L.C. corporate document showing place of incorporation and address |
| 6 | Cabela's LLC company information printout |
| 7 | Cabela's LLC Delaware Division of Corporations printout |
| 8 | Bass Pro Shops Press Release |
| 9 | American Sportsman Holding Co. Missouri Division of Corporations printout |
| 10 | Navico Group Americas LLC Delaware Division of Corporations printout |
| 11 | Navico Group Americas LLC Bloomberg Profile |
| 12 | Import Genius Report for Navico Group and Relion Battery Shenzhen Co. Ltd |
| 13 | English translation of https://www.renogy.cn/contact |
| 14 | RNG International, Inc. California Business Report |
| 15 | Import Genius Record for RNG International and Renogy New Energy Co., LTD |
| 16 | Washington State Department of Corporations Name Search "Clean Republic SODO LLC" |
| 17 | Import Genius Record for Clean Republic ("Dakota") and Shenzhen Yichen S-Power Co., LTD |
| 18 | Import Genius Record for Clean Republic ("Dakota") and Shenzhen Fbtech Electronics LTD |
| 19 | Respondent LiTime FCC Authorization Request filing |
| 20 | Nevada State Department of Corporations Name Search "Dragonfly Energy LLC" |
| 21 | Nevada State Department of Corporations Name Search "Dragonfly Energy Holdings LLC" |
| 22 | MillerTech Energy Solutions LLC company information printout |
| 23 | Printout of https://lithiumhub.com/product/12v-100ah-lithium-lifepo4-deep-cycle-battery/ |
| 24C | Patent License Agreement with Goodall Battery |
| 25C | Consulting and Royalty Agreement with Goodall Battery |
| 26C | License Agreement between Lithiumhub Technologies, LLC and LithiumHub, LLC |
| 27 | Comprehensive list of licenses |
| 28 | Printout of Bass Pro Shops website |

| 29 | Printout of Cabela's website |
|---|---|
| 30 | Declaration of Martin Koebler |
| 31 | Tracker Battery Picture |
| 32 | Chart illustrating infringement of U.S. Patent No. 9,412,994 by Tracker TLi60 |
| 33 | Chart illustrating infringement of U.S. Patent No. 9,954,207 by Tracker TLi60 |
| 34 | Brunswick Corporation 2023 Annual Report |
| 35 | Printout of Navico power systems website |
| 36C | Invoice for purchase in the United States of RELiON RB100-HP, High Peak LIFEPO4 Legacy Lithium Dual Purpose Battery, Item No. RB100-HP |
| 37 | Picture of Navico Group Product Packing |
| 38 | Photo of RB100-HP RELiON battery marked as "Made in China" |
| 39 | Chart illustrating infringement of U.S. Patent No. 9,412,994 by the RB100-HP RELiON battery |
| 40 | Chart illustrating infringement of U.S. Patent No. 9,954,207 by the RB100-HP RELiON battery |
| 41C | Invoice for purchase in the United States of Renogy 12V 100Ah Smart Lithium Iron Phosphate Battery, SKU: RBT100LFP12S-US |
| 42 | Photo of Renogy RBT100LFP12S product packing marked as "Made in China" |
| 43 | Chart illustrating infringement of U.S. Patent No. 9,412,994 by Renogy RBT100LFP12S battery. |
| 44 | Chart illustrating infringement of U.S. Patent No. 9,954,207 by Renogy RBT100LFP12S battery. |
| 45 | Printout of Dakota online store on the Amazon ecommerce platform |
| 46C | Invoice for purchase in the United States of Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery |
| 47 | Photo of Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery marked as "Made in China" |
| 48 | Chart illustrating infringement of U.S. Patent No. 9,412,994 by Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery |
| 49 | Chart illustrating infringement of U.S. Patent No. 9,954,207 by Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery |
| 50 | Import Genius Records for Dakota and Yichen S-Power Tech LTD (Shenzhen) |
| 51 | Import Genius Records for Dakota and Fbtech Electronics LTD (Shenzhen) |
| 52 | Printout of LiTime website shipping policy |
| 53 | Printout of LiTime online store on the Amazon ecommerce platform |
| 54C | Invoice for purchase in the United States of LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery, Built-In 100A BMS, 1280Wh Energy × 1 |
| 55 | Photo of LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery, Built-In 100A BMS, 1280Wh Energy × 1 marked as "Made in China" |

| 56 | Chart illustrating infringement of U.S. Patent No. 9,412,994 by LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery |
| 57 | Chart illustrating infringement of U.S. Patent No. 9,954,207 by LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery |
| 58 | Dragonfly Energy Holdings Corp. Prospectus |
| 59 | Printout of Battle Born Batteries page from Dragonfly website |
| 60 | Printout of Dragonfly online store on the Amazon ecommerce platform |
| 61C | Invoice for purchase in the United States of "Battle Born" 100Ah 12V LiFePO4 Deep Cycle Battery |
| 62 | Photo of "Battle Born" battery component marked as "Made in China" |
| 63 | Chart illustrating infringement of U.S. Patent No. 9,412,994 by the "Battle Born" 100Ah 12V LiFePO4 Deep Cycle Battery |
| 64 | Chart illustrating infringement of U.S. Patent No. 9,954,207 by the "Battle Born" 100Ah 12V LiFePO4 Deep Cycle Battery |
| 65 | Printout of MillerTech website |
| 66 | Printout of MillerTech online store on the Amazon ecommerce platform |
| 67C | Invoice for purchase in the United States of MillerTech 12V 100AH Intelligent Lithium Iron Phosphate Battery |
| 68 | Picture of product packaging for MillerTech 12V 100AH Intelligent Lithium Iron Phosphate Battery |
| 69 | Chart illustrating infringement of U.S. Patent No. 9,412,994 by the MillerTech 12V 100AH Intelligent Lithium Iron Phosphate Battery |
| 70 | Chart illustrating infringement of U.S. Patent No. 9,954,207 by the MillerTech 12V 100AH Intelligent Lithium Iron Phosphate Battery |
| 71 | List of Domestic Industry Products |
| 72 | Chart illustrating the Domestic Industry Products practice at least one claim of U.S. Patent No 9,412,994 |
| 73 | Chart illustrating the Domestic Industry Products practice at least one claim of U.S. Patent No 9,954,207 |
| 74C | Confidential Domestic Industry Exhibit |
| 75 | Goodall Battery, LLC Indiana Business Report |
| 76 | Chart illustrating the Vanair Domestic Industry Products practice at least one claim of U.S. Patent No 9,412,994 |
| 77 | Chart illustrating the Vanair Domestic Industry Products practice at least one claim of U.S. Patent No 9,954,207 |
| 78 | Vanair Domestic Industry Products |
| 79 | Vanair Fact Sheet |
| 80 | Article re Vanair expansion (https://www.powerprogress.com/news/vanair-expands-factory-as-its-products-capabilities-expand/8035578.article) |

## <u>LIST OF APPENDICIES</u>

| Appendix | Description |
|----------|-------------|
| A | Certified copy of the prosecution history of U.S. Patent No. 9,412,994 |
| B | Technical references cited in the prosecution history of U.S. Patent No. 9,412,994 |
| C | Certified copy of the prosecution history of U.S. Patent No. 9,954,207 |
| D | Technical references cited in the prosecution history of U.S. Patent No. 9,954,207 |
| E | Certified copy of the prosecution history of U.S. Patent Application No. 61/458,657 |
| F | Certified copy of the prosecution history of U.S. Patent Application No. 61/463,736 |

## I.    INTRODUCTION

1.      Complainants LithiumHub, LLC ("LithiumHub"); Lithiumhub Technologies, LLC, and Mr. Martin Koebler (collectively, "Complainants") file this Complaint pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337 ("Section 337") and request that the United States International Trade Commission ("the Commission") commence an investigation based on the importation into the United States, the sale for importation, and/or the sale within the United States after importation of certain rechargeable batteries, components thereof, and products containing same that infringe at least one least one claim of U.S. Patent Nos. 9,412,994 ("the '994 patent") and 9,954,207 ("the '207 patent") (collectively, "the Asserted Patents").

2.      The Proposed Respondents are Bass Pro Outdoor World LLC; Cabela's LLC; Navico Group Americas LLC; Relion Battery (Shenzhen) Technology Co.; Renogy New Energy Co., LTD; RNG International; Clean Republic SODO LLC; Shenzhen Yichen S-Power Tech Co., LTD; Shenzhen Fbtech Electronics LTD; Shenzhen LiTime Technology Co., LTD; Dragonfly Energy Corp.; Dragonfly Energy Holdings Corp.; and MillerTech Energy Solutions LLC.

3.      Respondents have engaged in acts in violation of Section 337 through and in connection with unlicensed importation into the United States, sale for importation, and/or sale within the United States after importation of certain rechargeable batteries, components thereof, and products containing same that when used, alone or in combination, infringe one or more of the asserted claims of the Asserted Patents either literally and/or under the doctrine of equivalents. The Asserted Patents are valid and enforceable United Stated patents owned by Complainants.

4.      Complainants assert that all proposed Respondents infringe at least the following claims of the Asserted Patents (the "Asserted Claims").[1]

| Patent No. | Asserted Claims |
|---|---|
| 9,412,994 | **1**, 4–9, 11–13, **14**, 15–16, and 18-23 |
| 9,954,207 | **1**-10 and **12**-20 |

5.      Further discovery may reveal infringement of additional claims by any particular Respondent's Accused Products and/or infringement related to products not specifically enumerated herein.

6.      Certified copies of the Asserted Patents are attached as Exhibits 1 and 3. Certified copies of the Asserted Patents' prosecution histories are included as Appendices A and C. Certified copies of assignment records for the Asserted Patents and applications therefor are attached as Exhibits 2 and 4. Copies of the technical references found in the prosecution histories of the Asserted Patents are attached in Appendices D and E. Certified copies of the prosecution histories of U.S. Patent Applications 61/458,657 and 61/463,736 to which the Asserted Patents claim priority are attached as Appendices E and F, respectively.

7.      As required by Section 337(a)(2) and defined in Section 337(a)(3), an industry in the United States exists relating to articles protected by the Asserted Patents. This industry is supported by Complainants' significant and substantial domestic investments in plant and equipment, labor or capital, and exploitation of the Asserted Patents through engineering and research and development in connection with LithiumHub's products that are protected by the Asserted Patents.

---

[1] Independent claims are in **bold**.

8.      Pursuant to 19 U.S.C. § 1337(d), Complainants seek a permanent limited exclusion order against each named Proposed Respondent and its parent entities, subsidiaries, affiliates, related entities, agents, distributors, importers, consignees or agents thereof, barring from entry into the United States any and all of the Proposed Respondents' battery products, components and equipment containing same that infringe one or more claims of the Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents.

9.      Pursuant to 19 U.S.C. § 1337(f), Complainants also seek a permanent cease and desist order against the Proposed Respondents as well as any of their parent entities, subsidiaries, affiliates, related entities, agents, distributors, importers, consignees or agents thereof, prohibiting each from engaging in activities including, but not limited to, importing, marketing, advertising, demonstrating, warehousing inventory for distribution, offering for sale, selling, distributing, licensing, or using Respondents' battery products, components and equipment containing same that infringe one or more claims of the Asserted Patents, and aiding or abetting any other entity from doing the same.

10.     Complainants further seek any other relief that the Commission deems appropriate, including, but not limited to, pursuant to Section 337(j), imposition of a bond upon the Proposed Respondents' importation of any infringing products during the 60-day Presidential review period of the Commission's remedial order(s) to prevent further injury to Complainants.

## II.    THE PARTIES

### A.    Complainants

11.     LithiumHub, LLC is a limited liability company organized under the laws of South Carolina with its principal place of business at 125 Tate Road, Norris, South Carolina 29667; Lithiumhub Technologies, LLC is a limited liability company organized under the laws of Texas, with its principal place of business at 104 E. Houston St., Suite 150, Marshall, Texas

75670-4144; and Mr. Martin Koebler, the owner of LithiumHub, LLC and Lithiumhub Technologies, LLC.

     **B.**    **Proposed Respondents**

        **1.**    **Proposed Respondents Bass Pro Outdoor World L.L.C. and Cabela's LLC, (collectively, the "Bass Pro Respondents")**

12.    Respondent Bass Pro Outdoor World, L.L.C. ("Bass Pro") is a limited liability company established under the laws of Missouri with its principal place of business at 2500 E. Kearney St., Springfield, Missouri. *See* Ex. 5. Bass Pro operates retail stores throughout the United States and sells products online through the website www.basspro.com.

13.    Respondent Cabela's LLC ("Cabela's") is a limited liability company organized under the laws of Delaware with its corporate headquarters at 2500 E. Kearney St., Springfield, Missouri. *See* Exs. 6 and 7. Cabela's operates retail stores throughout the United States and sells products online through the website www.cabelas.com.

14.    On information and belief, Bass Pro or one of its parent companies acquired Cabela's in 2017. Ex. 8. The "Cabela's Story" page on www.cabelas.com redirects visitors to https://about.basspro.com/. Press Releases from Bass Pro routinely include information about both companies and brands. *See* Ex. 8. Thus, Bass Pro and Cabela's are commonly owned, related entities that operate retail stores in the United States under their respective brands. On information and belief, Bass Pro and Cabela's are wholly owned subsidiaries of American Sportsman Holding Co., which is organized under the laws of Missouri with a principal place of business at 2500 E. Kearney St. Springfield Missouri. *See* Ex. 9.

15.    Bass Pro and Cabela's sell lithium batteries under the "Tracker" brand that are manufactured by Respondent Relion Battery (Shenzhen) Co. Ltd. *See, e.g.*, Ex. 8; Section V.1, *infra*.

## 2. Proposed Respondent Navico Group Americas, LLC ("Navico Group")

16.     Navico Group Americas LLC is a limited liability company established under the laws of Delaware with a principal place of business at N85 W12545 Westbrook Crossing Menomonee Falls, WI. *See* Exs. 10 and 11.

17.     Navico Group imports, and/or sells after importation Navico Group's Accused Products that are manufactured in China by Respondent Relion Battery (Shenzhen) Co. LTD. *See* Section V.2, *infra*.

## 3. Proposed Respondent Relion Battery (Shenzhen) Co. Ltd. ("Relion")

18.     Respondent Relion Battery (Shenzhen) Co. LTD. is a company organized under the laws of the Peoples Republic of China and has a principal place of business at 4th Floor, Cui Hua Sa Industrial Part, No. 144 Botanical Garden Road, Shenzhen China. *See* Ex. 12.

19.     Relion manufactures and sells for importation and/or imports the Navico Group Accused Products. *See* Section V.3, *infra*.

## 4. Proposed Respondents Renogy New Energy Co., LTD and RNG International Inc. (the "Renogy Respondents")

20.     Respondent Renogy New Energy Co., LTD is incorporated under the laws of the Peoples Republic of China and has a principal place of business at 25A, Hengye Platinum, No. 1338, Sanxiang Road, Gusu District, Suzhou City, Jiangsu Province, Peoples Republic of China. *See* Ex. 13 (English translation of https://www.renogy.cn/contact).

21.     Respondent RNG International Inc., is incorporated under the laws of the state of California with a principal place of business at 5050 S. Archibald Avenue, Ontario CA. *See* Ex. 14. On information and belief, RNG International is a subsidiary of Renogy New Energy Co. LTD.

22.     The Renogy Respondents sell for importation, import, and/or sell within the United States after importation the Renogy Respondents' Accused Products. *See* Ex. 15 (documenting shipment of certain Accused Products from Renogy New Energy Co., LTD to RNG International)[2]; Section V.4, *infra*.

### 5.     Proposed Respondent Clean Republic SODO LLC ("Dakota")

23.     Respondent Dakota is a limited liability company organized under the laws of the state of Washington with a principal place of business at 225 S. Lucile St., Seattle WA. *See* Ex. 16.

24.     Dakota imports and/or sells within the United States after importation Accused Products that Dakota sources from Respondent Shenzhen Yichen S-Poert Tech and Respondent Shenzhen Fbtech Electronics. *See* Section V.5, *infra*.

### 6.     Proposed Respondent Shenzhen Yichen S-Power Tech Co. LTD. ("Yichen")

25.     Respondent Yichen is organized under the laws of the Peoples Republic of China and has a principal place of business at Floor 7, Building B4b, Yingzhan Industrial Zone, Longtian Community, Zehgzi Street, Pingshan District, Shenzhen, Guangdong, Peoples Republic of China. *See* Ex. 17.

26.     Yichen manufactures and/or sells for importation or imports the Dakota Accused Products. *See* Sections V.5-6, *infra*.

---

[2] Exhibit 15 is the result of a search conducted on www.importgenius.com, accessed on July 5, 2024.

### 7.  Proposed Respondent Shenzhen Fbtech Electronics LTD. ("Fbtech")

27.     Respondent Fbtech is organized under the laws of the Peoples Republic of China and has a principal place of business at No 4-5, Fendmenyuan Industrial Park, Fenfhuang Avenue, Longgang, Shenzehn, Guangdong, Peoples Republic of China. *See* Ex. 18.

28.     Fbtech manufactures and/or sells for importation or imports the Dakota Accused Products. *See* Section V.5, V.7, *infra*.

### 8.  Proposed Respondent Shenzhen LiTime Technology Co., Ltd ("LiTime")

29.     Respondent LiTime is organized under the laws of the Peoples Republic of China and has a principal place of business at Room 301, Building B, Baolong 5th Road, Baolong Community, Baolong Street, Shenzhen, Guangdong, Peoples Republic of China. *See* Ex. 19.

30.     LiTime sells for importation, imports, and/or sells within the United States after importation the LiTime Accused Products. *See* Section V.8, *infra*.

### 9.  Proposed Respondents Dragonfly Energy Corp. and Dragonfly Energy Holdings Corp. (the "Dragonfly Respondents")

31.      Proposed Respondent Dragonfly Energy Corp is a corporation formed under the laws of the State of Nevada with a principal place of business at 1190 Trademark Dr. #108, Reno NV. *See* Ex. 20.

32.     Proposed Respondent Dragonfly Holdings Energy Corp is a corporation formed under the laws of the State of Nevada with a principal place of business at 1190 Trademark Dr. #108, Reno NV. *See* Ex. 21.

33.     The Dragonfly Respondents import components of the Dragonfly Respondents' Accused Products, and/or sell within the United States after importation the Dragonfly Respondents' Accused Products. *See* Section V.9, *infra*.

7

**10.     Proposed Respondents MillerTech Energy Solutions LLC ("MillerTech")**

34.     MillerTech Energy Solutions is a Limited Liability Company organized under the laws of the state of Ohio with a principal place of business at 14632 Old State Road, Middlefield OH. *See* Ex. 22.

35.     MillerTech imports components for the MillerTech Accused Products, assembles the MillerTech Accused Products in the United States, and sells within the United States fully assembled MillerTech Accused Products after importation of the components thereof. *See* Section V.10, *infra*.

**III.     THE TECHNOLOGY AND PRODUCTS AT ISSUE**

**A.     The Technology at Issue**

36.     Inventor and entrepreneur Martin Koebler has worked in the rechargeable battery industry for many years. In about 2010, he developed new control circuits for efficient fault detection and correction of Lithium-Ion batteries. At the time Mr. Koebler was the CEO and founder of a technology startup company, Super Lattice Inc., which became Stark Power Inc. These new circuits included a solid-state switching configuration designed to protect the batteries from conditions such as over-charging, over-discharging, and ensuring the batteries operation within a safe and normal operating temperature range.

37.     Mr. Koebler's discovery included designing circuits in an unconventional manner where solid-state switches, for example, Metal Oxide Field Effect Transistors (MOSFETS), could be arranged in a parallel configuration of pairs of switches in series with their "source" terminals or their "drain" terminals connected together within the pair of switches. Mr. Koebler's new control circuits allow normal operations of charging and discharging when both switches within the pair were "on" allowing current to flow through each switch to the battery cells.

However, when a fault condition is detected, the controller can turn "off" one or both of the switches independently of the other. For example, in an over-voltage condition, one switch can be turned off preventing further charging of the battery while the other switch is left on, which allows the battery to continue to supply power. In a fault condition where the battery is supplying too little current, the condition of the switches can be reversed, preventing further discharge of the battery while still allowing it to be charged. By way of additional example, in a condition where the output of the battery forms a short-circuit, the battery may overheat and be permanently damaged. If this condition is detected, the controller can turn both switches off until the condition is no longer present.

38.      While these types of circuits are mostly applicable to larger deep cycle batteries, in some other cases the circuit configuration and control could be advantageous.

39.      Unfortunately, Mr. Koebler's first company did not survive in the marketplace, filed for bankruptcy, and its assets were auctioned off to pay creditors. Mr. Koebler purchased the patent portfolio from the bankruptcy and started a second technology startup company, LithiumHub LLC, to bring the technology to market through, *inter alia*, the development and sale of the products discussed below.

**B.      The Products at Issue**

**1.      Complainants' Products**

40.      LithiumHub designs, imports, sells, and services Lithium-Ion batteries, their components, and other products that incorporate these batteries.

41.      The image below depicts an online advertisement for one of LithiumHub's Ionic branded Lithium-Ion batteries:



*See* Ex. 23.

42.    These batteries are sold into many different applications and downstream products including Emergency and Recreational Vehicles.

### 2.    Proposed Respondents' Products

43.    Pursuant to Commission Rules 210.10(b)(1) and 210.12(a)(2), the Accused Products are lithium-ion batteries with 6V or more electrical potential, and components thereof.

44.    As detailed herein, the Accused Products are manufactured outside the United States and imported into the United States for sale after importation. Like LithiumHub, many of the Proposed Respondents sell directly to consumers on their websites or through other online retailers like Amazon. Additional details regarding the Proposed Respondents' Accused Products can be found in Section V, *infra*.

## IV.    THE ASSERTED PATENTS

### A.    The '994 Patent

#### 1.    Identification of the Patent and Ownership

45.     U.S. Patent No. 9,412,994, entitled "LITHIUM STARTER BATTERY AND SOLID STATE SWITCH THEREFORE," issued on August 9, 2016, from Application Serial No. 13/989,273 filed on May 23, 2013 ("the '994 patent"). The application leading to the '994 Patent was the national stage entry of International Application PCT/US2011/001937, which published as WO2012/074548 on June 7, 2012. This application claims priority to U.S. Provisional Applications 61/458,657 filed November 29, 2010, and 61/443,736 filed February 22, 2011. The '994 Patent expires on July 18, 2033.

46.     On March 10, 2017, Mr. Koebler assigned all right, title, and interest in U.S. Provisional Applications 61/458,657to his company Stark Power Incorporated. This assignment was recorded on Reel/Frame 041994/0662 on March 14, 2017. A copy of the recorded assignment is included in Exhibit 2. On June 9, 2020, Stark Power Inc assigned all right, title, and interest in the '994 Patent to Mr. Koebler. This assignment was recorded on Reel/Frame no. 055517/0173. A copy of the recorded assignment is included in Exhibit 2. On August 15, 2024, Mr. Koebler assigned the '994 patent to Lithiumhub Technologies, LLC. This assignment was recorded on Reel/Frame no. 068327/0264. A copy of the assignment is included in Exhibit 2.

47.     Lithiumhub Technologies, LLC is, therefore, the assignee and sole owner of the '994 Patent.

#### 2.    Non-Technical Description

48.     The '994 patent describes and teaches novel rechargeable battery control circuits for routine and fault condition operations.

49.     As previously described, these circuits include a plurality of pairs of solid-state switches connected in parallel. The switches are connected in an unconventional manner which allows for fault correction. In some embodiments these switches are MOSFETS (either n-type or p-type) connected in series with each other where the drains and/or source terminals are connected to each other.

50.     This configuration allows a battery controller to open or close each switch independent of the other to react to detected fault conditions.

51.     The '994 patent additionally describes these batteries having, for example, balancing circuits that allow the controller to divert charging current to cells independently of each other.

### 3.     Foreign Counterparts to the '994 Patent

52.     Pursuant to Commission Rule 210.12(a)(9)(v), International Application PCT/US2011/001937 entered National Stage in the United States as Application 13/989,273 on May 23, 2013. Additionally, National Stage Applications were filed with the European Patent Office and the Chinese Patent Office, and these applications were later abandoned.

### 4.     Licenses

53.     The '994 Patent has been licensed to Goodall Battery, LLC, ("Goodall") an Indiana limited liability company, having an office and place of business at 1625 E. Highway 12, Michigan City, Indiana 46360. Copies of the Patent License Agreement and Consulting and Royalty Agreement are attached as Exhibits 24C and 25C, respectively.

54.     On September 11, 2024, Lithiumhub Technologies, LLC executed a written license to the Asserted Patents to LithiumHub, which memorialized an unwritten license granted by Mr. Koebler. A copy of the license is attached as Exhibit 26C.

55.     A comprehensive list of licensees is provided in Exhibit 27.

**B.    The '207 Patent**

**1.    Identification of the Patent and Ownership**

56.    U.S. Patent No 9,954,207, entitled "LITHIUM BATTERY WITH SOLID-STATE SWITCH," issued on April 24, 2018, from Application Serial No. 14/657,101 filed on March 13, 2015 (the '207 patent). The application was filed as a Continuation-In-Part of Application 13/989,273 discussed above. Additionally, it claims priority to U.S. Provisional Applications 61/458,657 filed November 29, 2010, and 61/443,736 filed February 22, 2011. The '207 Patent expires on April 21, 2032.

57.    On March 10, 2017, Mr. Koebler assigned all right, title, and interest in Application Serial No. 14/657,101 to his company Stark Power Incorporated. This assignment was recorded on Reel/Frame 041994/0662 on March 14, 2017. A copy of the recorded assignment is included in Exhibit 4. On June 9, 2020, Stark Power Inc assigned all right, title, and interest in the '207 Patent to Mr. Koebler. This assignment was recorded on Reel/Frame no. 055517/0173. A copy of the recorded assignment is included in Exhibit 4. On August 15, 2024, Mr. Koebler assigned the '207 patent to Lithiumhub Technologies, LLC. This assignment was recorded on Reel/Frame no. 068327/0264. A copy of the assignment is included in Exhibit 4.

58.    Lithiumhub Technologies, LLC is, therefore, the assignee and sole owner of the '207 Patent.

**2.    Non-Technical Description**

59.    The '207 patent describes and teaches novel rechargeable battery control circuits for routine and fault condition operations.

60.    As previously described, these circuits include a plurality of pairs of solid-state switches connected in parallel. The switches are connected in an unconventional manner which allows for fault correction.

13

61.     In some embodiments these switches are MOSFETS (either n-type or p-type) connected in series with each other where the drains and/or source terminals are connected to each other. This configuration allows a battery controller to open or close each switch independently of the other to react to detected fault conditions.

62.     The '207 patent additionally describes these batteries having, for example, balancing circuits that allow the controller to divert charging current to cells independently of each other.

### 3.     Foreign Counterparts to the '207 Patent

63.     Pursuant to Commission Rule 210.12(a)(9)(v), there are no Foreign Counterparts of the '207 Patent.

### 4.     Licenses

64.     The '207 Patent has been licensed to Goodall Battery, LLC, an Indiana limited liability company, having an office and place of business at 1625 E. Highway 12, Michigan City, Indiana 46360. Copies of the Patent License Agreement and Consulting and Royalty Agreement are attached as Exhibits 24C and 25C, respectively.

65.     On September 11, 2024, Lithiumhub Technologies, LLC executed a written license to the Asserted Patents to LithiumHub, which memorialized an unwritten license granted by Mr. Koebler. A copy of the license is attached as Exhibit 26C.

66.     A comprehensive list of licensees is attached as Exhibit 27.

## V.     UNLAWFUL AND UNFAIR ACTS OF PROPOSED RESPONDENTS – IMPORTATION AND PATENT INFRINGEMENT

67.     The Proposed Respondents are engaged in the unlawful sale for importation, importation into the United States, and/or sale within the United States after importation of the Accused Products that directly infringe (literally and/or under the doctrine of equivalents) at least

14

the Asserted Claims. These activities constitute a violation of Section 337. Evidence of specific

instances of importation for each Respondent or Respondent Group is presented below.

### 1.    The Bass Pro Respondents

68.     The Bass Pro Respondents import and/or sell after importation Accused Products

that are manufactured in China by Respondent Relion Battery (Shenzhen) Co. Ltd. and that

directly infringe (literally and/or under the doctrine of equivalents) at least the Asserted Claims.

69.     The Bass Pro Respondents' Accused Products include Lithium-Ion Batteries

imported and/or sold after importation at least under the brand name "Tracker."



Ex. 28.

70.     The Bass Pro Respondents sell the Accused Products in the United States after

importation through their online eCommerce websites www.basspro.com and www.cabelas.com.

*See* Exs. 28 and 29. Further, the Bass Pro Respondents operate retail stores throughout the

United States where the Bass Pro Respondents' Accused Products are sold directly to consumers.

71.     On January 20, 2023, Complainants purchased a "Tracker" branded TLi60 battery in the United States through WEBSITE. *See* Ex. 30 (Declaration of Martin Koebler) at ¶ 2. The TLi60 purchased by Complainants is marked "Made in China":



Ex. 30.

72.     At time Complainants purchased the TLi60 Tracker battery in the United States, the Bass Pro Respondents were selling the TLi60 Tracker battery in the United States through www.basspro.com, www.cabelas.com, and in Bass Pro and Cabela's retail stores throughout the United States. *See* Ex. 30 (Declaration of Martin Koebler) at ¶ 3. Bass Pro and Cabela's are related entities that sell the same Tracker branded batteries. *See, e.g.*, Exs. 28 and 29; Section II.B.1, *supra* (detailing relationship, including common ownership, between Bass Pro and Cabela's).

16

73.    Pursuant to Commission Rule 210.12(a)(9)(viii), a claim chart mapping Asserted Independent Claims 1 and 14 of the '994 Patent to the Tracker TLi60 purchased by Complainants is provided as Exhibit 32. A claim chart mapping Asserted Independent Claims 1 and 12 of the '207 Patent to the Tracker TLi60 purchased by Complainants is provided as Exhibit 33.

74.    On information and belief, the Tracker TLi60 purchased by Complainants is representative of all Bass Pro Respondents' Accused Products.

75.    The Bass Pro Respondents' Accused Products include at least the following products: "Tracker High Output Lithium Deep Cycle Battery" SKU 3475683, 3570833, 3570834, and 3570835; "Tracker Lithium Gen2 Super High Output Lithium Starting Battery" SKU 3570836; "Tracker 12V Lithium Iron Phosphate Accessory Battery SKU 2900168, 2900169, and 2900170; "Tracker Lithium Gen2Super High Output Lithium Deep Cycle Battery" SKU 3475683, 3570833, 3570834, and 3570835; "Cabela's Non-Spillable Lithium Iron Phosphate Battery" SKU 3063503, 3063505, and 3063507; "Garmin ECHOMAP Ultra 126sv Fish Finder Bundle with LVS34 LiveScope Plus, GT54; Tracker Lithium Deep Cycle Battery" SKU 3961138; "Garmin ECHOMAP UHD 93sv Fish Finder Bundle with LVS34 LiveScope Plus GT54; and Tracker Lithium Gen2 Deep Cycle Battery" SKU 3961140.

76.    Discovery may reveal additional Bass Pro Respondents' Accused Products and that the Bass Pro Respondents' Accused Products infringe additional claims of the Asserted Patents.

### 2.    Navico Group

77.    Navico Group sells for importation, imports, and/or sells after importation Navico Group's Accused Products that are manufactured in China by Respondent Relion Battery (Shenzhen) Co. LTD and that directly infringe (literally and/or under the doctrine of equivalents) at least the Asserted Claims.

78. Navico Group operates subsidiaries and brands that import and/or sell after importation the Navico Group Accused Products. *See, e.g.*, Ex. 34. These include, RELiON® brand lithium batteries, as shown below:



Ex. 35.

79. On April 23, 2024, Complainants directed the purchase of a RELiON branded battery in the United States through www.delcity.net. *See* Ex. 36C (invoice for purchase in the United States of a RELiON RB100-HP, High Peak LIFEPO4 Legacy Lithium Dual Purpose Battery, Item No. RB100-HP). The RELiON RB100-HP, High Peak LIFEPO4 Legacy Lithium Dual Purpose Battery purchased by Complainants was delivered in the United States in Navico Group packaging:



Ex. 37; *see also* Ex. 12 (documenting shipment of certain Accused Products from Respondent Relion to Respondent Navico Group).

80.     The RB1000-HP battery purchased by Complainants is marked "Made in China":



Ex. 38.

81.     Pursuant to Commission Rule 210.12(a)(9)(viii), a claim chart mapping Asserted Independent Claims 1 and 14 of the '994 Patent to the RB100-HP RELiON battery purchased by Complainants is provided as Exhibit 39. A claim chart mapping Asserted Independent Claims 1 and 12 of the '207 Patent to the RB100-HP RELiON battery purchased by Complainants is provided as Exhibit 40.

82.     On information and belief, the RB100-HP RELiON battery purchased by Complainants is representative of all Navico Group Accused Products.

83.     The Navico Group Accused Products include at least the following products: RB12; RB35; RB52; RB52-LT; RB60; RB75; RB80; RB100; RB100-LT; RB100-HP; RB200; RB300; RB300-LT; RB300-HP; RB24V52; RB24V100; 12V120-GC2; 12V120-GC2-LT; Outlaw 1072S; RB36V40; and Insight 12V.

84.    Discovery may reveal additional Navico Group Accused Products and that the Navico Group Accused Products infringe additional claims of the Asserted Patents.

### 3.    Relion

85.    Relion sells for importation, and/or imports RELiON branded Accused Products that directly infringe (literally and/or under the doctrine of equivalents) at least the Asserted Claims.

86.    Specifically, Relion manufactures, sells for importation, and/or imports certain of the Navico Group's Accused Products. *See* Ex. 38 (picture of RELiON branded battery purchased by Complainants in the United States in Navico packaging); *see also* Ex. 12 (documenting shipment of from Relion to Respondent Navico Group Americas, LLC).

87.    Pursuant to Commission Rule 210.12(a)(9)(viii), a claim chart mapping Asserted Independent Claims 1 and 14 of the '994 Patent to the RELiON RB100-HP that Complainants purchased is provided as Exhibit 39. A claim chart mapping Asserted Independent Claims 1 and 12 of the '207 Patent to the RELiON RB100-HP that Complainants purchased is provided as Exhibit 40.

88.    On information and belief, the RELiON RB100-HP purchased by Complainants is representative of all Relion Accused Products.

89.    Relion Accused Products include at least the following products: RB12; RB35; RB52; RB52-LT; RB60; RB75; RB80; RB100; RB100-LT; RB100-HP*; RB200; RB300; RB300-LT; RB300-HP; RB24V52; RB24V100; 12V120GC2; 12V120-GC2-LT; Outlaw 1072S; RB36V40; and Insight 12V.

90.    Discovery may reveal additional Relion Accused Products and that Relion Accused Products infringe additional claims of the Asserted Patents.

### 4. The Renogy Respondents

91.     The Renogy Respondents manufacture, sell for importation, import, and/or sell within the United States after importation Renogy Respondents' Accused Products that directly infringe (literally and/or under the doctrine of equivalents) at least the Asserted Claims.

92.     Specifically, Respondent Renogy New Energy Co., LTD manufactures, sells for importation, and or imports the Renogy Respondents' Accused Products. Respondent RNG International imports and/or sells within the United States after importation the Renogy Respondents' Accused Products.

93.     The Renogy Respondents operate an online eCommerce website, www.renogy.com/on-sale, that sells the Accused Products directly to consumers in the United States.

94.     On April 23, 2024, Complainants directed the purchase of a Renogy Respondents' Accused Product in the United States through https://www.renogy.com/on-sale/. *See* Ex. 41C (invoice for purchase in the United States of 12V 100Ah Smart Lithium Iron Phosphate Battery, SKU: RBT100LFP12S-US). The packing for the RBT100LFP12S purchased by Complainants is marked "Made in China":



Ex. 42.

95.    Pursuant to Commission Rule 210.12(a)(9)(viii), a claim chart mapping Asserted

Independent Claims 1 and 14 of the '994 Patent to the RBT100LFP12S purchased by

Complainants is provided as Exhibit 43. A claim chart mapping Asserted Independent Claims 1

and 12 of the '207 Patent to the RBT100LFP12S purchased by Complainants is provided as

Exhibit 44.

96.    On information and belief, the RBT100LFP12S purchased by Complainants is

representative of all Renogy Respondents' Accused Products. The Renogy Respondents'

Accused Products include at least the following models: 12V/24V/48V 200Ah Core Series Deep

Cycle Lithium Iron Phosphate Battery SKU: RBT1200LPF-US; 12V 300Ah Core Series Deep

Cycle Lithium Iron Phosphate Battery w/Self Heating SKU: RBT12300LFPSH-US; 12V 200Ah

Pro Smart Lithium Iron Phosphate Battery w/Bluetooth & Self-heating Function

SKU: RBT12200LFP-BT-US; 12V 100Ah Smart Lithium Iron Phosphate Battery

SKU: RBT100LFP12S-US; 12V 100Ah Pro Smart Lithium Iron Phosphate Battery w/Bluetooth

& Self-heating Function SKU: RBT12100LFP-BT-US; 12V 100Ah Core Series Deep Cycle

Lithium Iron Phosphate Battery SKU: RBT12100LFP-US; 48V 50Ah Smart Lithium Iron

Phosphate Battery SKU: RBT4850LFPSH-US; 24V 100Ah Core Series Deep Cycle Lithium

Iron Phosphate Battery SKU: RBT24100LFPSHx2-US; REGO 12V 400Ah Cold Weather

LiFePO4 Battery SKU: RBT12400LFPL-SHBT-US; 24V 25Ah Lithium Iron Phosphate Battery

SKU: RBT2425LFP-US; 24V 50Ah Lithium Iron Phosphate Battery SKU: RBT2450LFP-US;

12V 300Ah Core Series Deep Cycle Lithium Battery w/Self-Heating SKU: RBT12300LFPSH-

TS-US; 12V 100Ah Pro Smart Lithium Iron Phosphate Battery w/Bluetooth & Self-heating

Function SKU: RBT12100LFP-BT-US.

97.     Discovery may reveal additional Renogy Respondents' Accused Products and that

the Renogy Respondents' Accused Products infringe additional claims of the Asserted Patents.

**5.     Dakota**

98.     Dakota imports and/or sells within the United States after importation Dakota

Accused Products that Dakota sources from Respondent Shenzhen Yichen S-Poert Tech and/or

Respondent Shenzhen Fbtech Electronics and that directly infringe (literally and/or under the

doctrine of equivalents) at least the Asserted Claims.

99.     Specifically, Dakota sells the Dakota Accused Products in the United States after

importation through its website, www.dakotalithium.com, and operates the "Dakota Lithium"

online store on the Amazon ecommerce platform. *See* Ex. 45.

100.     On April 23, 2024, Complainants directed the purchase of a Dakota Accused

Product in the United States through www.dakotalithium.com. *See* Ex. 46C (invoice for purchase

24

in the United States of Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery). The Dakota

Lithium 12v 100Ah Deep Cycle LiFePO4 Battery purchased by Complainants is marked "Made

in China":



Ex. 47.

101.    Pursuant to Commission Rule 210.12(a)(9)(viii), a claim chart mapping Asserted

Independent Claims 1 and 14 of the '994 Patent to the Dakota Lithium 12v 100Ah Deep Cycle

LiFePO4 Battery purchased by Complainants is provided as Exhibit 48. A claim chart mapping

Asserted Independent Claims 1 and 12 of the '207 Patent to the Dakota Lithium 12v 100Ah

Deep Cycle LiFePO4 Battery purchased by Complainants is provided as Exhibit 49.

102.    On information and belief, the Dakota Lithium 12v 100Ah Deep Cycle LiFePO4

Battery purchased by Complainants is representative of all Dakota Accused Products.

103.    Dakota's Accused Products include those available for purchase on the website https://dakotalithium.com/our-batteries/. This includes at least the following Accused Products: DAKOTA LITHIUM 12V 10AH BATTERY; DAKOTA LITHIUM 12V 14AH LIFEPO4 BATTERY TWIN PACK; DAKOTA LITHIUM 12V 20AH BATTERY; DAKOTA LITHIUM 12V 23AH BATTERY WITH DUAL USB PORTS & VOLTMETER; DAKOTA LITHIUM+ 12V 25AH 300CCA BATTERY; 12V 46AH DAKOTA LITHIUM U1 LIFEPO4 BATTERY; DAKOTA LITHIUM 12V 54AH DEEP CYCLE LIFEPO4 BATTERY; DL+ 12V 60AH DUAL PURPOSE 1000CCA STARTER BATTERY PLUS DEEP CYCLE PERFORMANCE; DL+ 12V 135AH DUAL PURPOSE 1000CCA STARTER BATTERY PLUS DEEP CYCLE PERFORMANCE; DL+ 12V 320AH LIFEPO4 DUAL PURPOSE BATTERY; DAKOTA LITHIUM 12V 100AH DEEP CYCLE LIFEPO4 BATTERY; DAKOTA LITHIUM 24V 60AH DEEP CYCLE LIFEPO4 SINGLE BATTERY; DAKOTA LITHIUM 36V 60AH DEEP CYCLE LIFEPO4 SINGLE BATTERY; DAKOTA LITHIUM 48V 96AH DEEP CYCLE LIFEPO4 BATTERY; DAKOTA LITHIUM PS2400 PORTABLE POWER STATION; DAKOTA LITHIUM POWERBOX 10, 12V 10AH BATTERY INCLUDED; POWERBOX+ 60 WATERPROOF POWER STATION, DL+ 12V 60AH BATTERY INCLUDED; POWERBOX+ 135 WATERPROOF SOLAR GENERATOR, 12V 135AH DL+ 1,000CCA BATTERY INCLUDED; DL+ 12V 640AH LIFEPO4 DUAL PURPOSE BATTERY WITH CAN BUS; DAKOTA LITHIUM 24V 110AH DEEP CYCLE LIFEPO4 SINGLE BATTERY; DAKOTA LITHIUM 36V 110AH DEEP CYCLE LIFEPO4 SINGLE BATTERY; and DAKOTA LITHIUM 72V 55AH DEEP CYCLE LIFEPO4 SINGLE BATTERY.

104.    Additionally, Dakota sells the Accused Products in the United States through its Amazon store where it lists the following additional Accused Products: Dakota Lithium – 12V

26

23Ah LiFePO4 Deep Cycle Battery With Voltmeter and Dual Waterproof USB Port; Dakota Lithium – 12V 7Ah LiFePO4 Deep Cycle Battery – 11 Year USA Warranty 2000+ Cycles – Built in BMS – For Ice Fishing, Fish Finders, Outdoor, and More; Dakota Lithium – 12V 10Ah LiFePO4 Deep Cycle Battery – 11 Year USA Warranty 2000+ Cycles – Built in BMS – For Ice Fishing, Kayaks, Fish Finders, and More; Dakota Lithium - 12V 7Ah LiFePO4 Deep Cycle Battery with 12V 3 Amp Charger - 11 Year Warranty - 2000+ Cycles - Built in BMS - for Ice Fishing, Fish Finders, Solar, Outdoor; Dakota Lithium - 12V 100Ah LiFePO4 Deep Cycle Battery - 11 Year USA Warranty 2000+ Cycles - Built in BMS, For Ice Fishing, Trolling Motors, Fish Finders, Marine, and More; Dakota Lithium – 48V 96Ah LiFePO4 Deep Cycle Battery – 11 Year USA Warranty 2000+ Cycles – SLA Replacement Battery, Golf Carts, Solar Power Systems, 48V Electric Vehicles, Electric Outboard Motors; Dakota Lithium - 24V 60Ah LiFePO4 Deep Cycle Battery - 11 Year Warranty - 2000+ Cycles - For Trolling Motors, Fish finders, Link in series for 48v and More; Dakota Lithium - Power Box with 12V 10Ah LiFePO4 Battery Included - 11 Year USA Warranty 2000+ Deep Cycle Battery Box with DC and USB Ports - Water/Shock Resistant - Camping, Off Grid, Marine, Kayak; Dakota Lithium - 72V 55Ah Lithium Battery - Deep Cycle Battery drop in Replacement for 72v Golf Carts, 72v Electric Vehicles, and 72v Electric Outboard Motors - 72V Battery, 3960 Wh - 1 Battery; Dakota Lithium - 36V 100ah Trolling Motor Deep Cycle Battery Set - 11 Year USA Warranty - BMS, 2000+ Cycles - Fish Finders, Flashers, Marine, and Boating Electronics - Charger Included - 100Ah 3 Pack; Dakota Lithium - 24V 110Ah Lithium Battery - Deep Cycle Battery for 24v Trolling Motors, Solar Energy Storage, RV, Off-Grid, and more - 24v Lithium Battery, 2640 Wh - 1 Battery.

27

105.    Discovery may reveal additional Dakota Accused Products and that Dakota's Accused Products infringe additional claims of the Asserted Patents.

### 6.    Yichen

106.    Yichen manufactures, sells for importation, and/or imports into the United States Accused Products that directly infringe (literally and/or under the doctrine of equivalents) at least the Asserted Claims.

107.    Specifically, Yichen manufactures, sells for importation, and/or imports Accused Products imported and/or sold after importation in the United States by Dakota. *See* Ex. 50 (documenting shipment of certain Accused Products from Yichen to Dakota)[3]; *see* also Ex. 46C (invoice for purchase of Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery in the United States); Ex. 47 (picture of Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery marked "Made in China").

108.    Pursuant to Commission Rule 210.12(a)(9)(viii), a claim chart mapping Asserted Independent Claims 1 and 14 of the '994 Patent to the Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery purchased by Complainants is provided as Exhibit 48. A claim chart mapping Asserted Independent Claims 1 and 12 of the '207 Patent to the Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery purchased by Complainants is provided as Exhibit 49.

109.    Discovery may reveal additional Yichen Accused Products and that Yichen's Accused Products infringe additional claims of the Asserted Patents.

---

[3] Exhibit 50 is the result of a search conducted on www.importgenius.com, accessed on July 4, 2024.

### 7.     Fbtech

110.    Fbtech manufactures, sells for importation, and/or imports into the United States Accused Products that directly infringe (literally and/or under the doctrine of equivalents) at least the Asserted Claims.

111.    Specifically, Fbtech manufactures, sells for importation, and/or imports Accused Products imported and/or sold after importation in the United States by Dakota. *See* Ex. 51 (documenting shipment of certain Accused Products from Fbtech to Dakota)[4]; *see* also Ex. 46C (invoice for purchase of Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery in the United States); Ex. 47 (picture of Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery marked "Made in China").

112.    Pursuant to Commission Rule 210.12(a)(9)(viii), a claim chart mapping Asserted Independent Claims 1 and 14 of the '994 Patent to the Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery purchased by Complainants is provided as Exhibit 48. A claim chart mapping Asserted Independent Claims 1 and 12 of the '207 Patent to the Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery purchased by Complainants is provided as Exhibit 49.

113.    Discovery may reveal additional Fbtech Accused Products and that Fbtech Accused Products infringe additional claims of the Asserted Patents

### 8.     LiTime

114.     LiTime sells for importation, imports, and/or sells within the United States after importation LiTime Accused Products that directly infringe (literally and/or under the doctrine of equivalents), at least the Asserted Claims.

---

[4] Exhibit 51 is the result of a search conducted on www.importgenius.com, accessed on July 4, 2024.

115.    The LiTime Accused Products are manufactured in China and are imported for warehousing and sale in the United States. LiTime operates warehouses within the United States where the Accused Products are stored before delivery to customers in the United States. *See* Ex. 52 ("We currently have 4 local warehouses in Los Angeles, California, and Dallas, Texas.").

116.    LiTime sells the Accused Products in the United States after importation through its website, www.litime.com, and operates the "LiTime" online store on the Amazon ecommerce platform. *See* Ex. 53.

117.    On April 24, 2024, Complainants directed the purchase of a LiTime Accused Product in the United States through www.litime.com. *See* Ex. 54C (invoice for purchase in the United States of LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery, Built-In 100A BMS, 1280Wh Energy × 1). The LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery, Built-In 100A BMS, 1280Wh Energy × 1 is marked that it was "Made in China":



Ex. 55.

118.    Pursuant to Commission Rule 210.12(a)(9)(viii), a claim chart mapping Asserted Independent Claims 1 and 14 of the '994 Patent to the LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery, Built-In 100A BMS, 1280Wh Energy × 1 purchased by Complainants is provided as Exhibit 56. A claim chart mapping Asserted Independent Claims 1 and 12 of the '207 Patent to the LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery, Built-In 100A BMS, 1280Wh Energy × 1 purchased by Complainants in the United States is provided as Exhibit 57.

119.    On information and belief, the LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery, Built-In 100A BMS, 1280Wh Energy × 1 is representative of all LiTime Accused Products.

120.    The LiTime Accused Products include those offered on its website, including: 12V 6Ah; 12V 12Ahl; 12V 50Ah; 12V 100Ah; 12V 100Ah Max; 12V 100Ah Mini; 12V 100Ah Group 24 ; 12V 100Ah Group 24 Bluetooth; 12V 100Ah TM; 12V 100Ah TM Bluetooth ; 12V 100Ah Outboard Motor; 12V 100Ah Self-Heating; 12V 200Ah Self-Heating; 12V 200Ah; 12V 200Ah Plus; 12V 200Ah Plus Self-Heating; 12V 230Ah Plus Low-Temp; 12V 280Ah Plus Low-Temp;12V 300Ah; 12V 400Ah; 12V 460Ah; 24V 25Ah; 24V 100Ah; 24V 100Ah Bluetooth; 24V 200Ah; 24V 230Ah; 36V 55Ah Trolling Motors; 36V 60Ah Golf Carts; 36V 100Ah Golf Carts; 36V 100Ah Outboard Motors; 48V 100Ah; 51.2V 30Ah Golf Cart; 51.2V 30Ah Bluetooth Golf Cart; 51.2V 60Ah Golf Cart; 51.2V 100Ah; 51.2V 100Ah ComFlex; 51.2V 100Ah Bluetooth Golf Cart; and the 320W Power Station.

121.    Discovery may reveal additional LiTime Accused Products and that the LiTime Accused Products infringe additional claims of the Asserted Patents.

### 9.    The Dragonfly Respondents

122.    The Dragonfly Respondents import components of the Dragonfly Respondents' Accused Products that, when connected, directly infringe (literally and/or under the doctrine of

equivalents) and/or contributorily infringe at least the Asserted Claims. The Dragonfly Respondents also sell within the United States after importation the Dragonfly Respondents' Accused Products that directly infringe (literally and/or under the doctrine of equivalents) and/or contributorily infringe at least the Asserted Claims.

123.    Components for the Dragonfly Respondents' Accused Products are manufactured in China, imported for assembly in the United States, and assembled into the Accused Products from these imported components in the United States by the Dragonfly Respondents. Specifically, the Dragonfly Respondents' proprietary battery management system (PMS) and their Lithium Iron Phosphate cells are imported from China. *See* Ex. 58 at p. 6 ("We currently rely on two suppliers to provide our LFP cells and a single supplier for the manufacture of our battery management system. Any disruption in the operations of these key suppliers could adversely affect our business and results of operations.").

124.    The Dragonfly Respondents sell within the United States after importation Accused Products under the brand names Dragonfly Energy, Battle Born, and Wakespeed through the website www.battlebornbatteries.com/shop and though the Battle Born online store on the Amazon ecommerce platform. *See* Ex. 59 (printout of Dragonfly website showing that Dragonfly sells "Battle Born" batteries); Ex. 60 (printout of Dragonfly Amazon Store).

125.    On April 24, 2024, Complainants directed the purchase of a "Battle Born" 100Ah 12V LiFePO4 Deep Cycle Battery in the United States through www.battlebornbatteries.com. *See* Ex. 61C (invoice for purchase in the United States of "Battle Born" 100Ah 12V LiFePO4 Deep Cycle Battery). Components in the "Battle Born" battery are marked "Made in China":



Ex. 62.

126.    The Dragonfly Respondents' PMS and LFP cells, alone or in combination, contributorily infringe the Asserted Patents because they are specially made or adapted to infringe the Asserted Patents and have no other substantial non-infringing use.

127.    The Dragonfly Respondents have knowledge of the Asserted Patents through the service of this Complaint and are aware of the allegations that their Accused Products infringe the Asserted Claims of the Asserted Patents as indicated in Exhibits 63 and 64.[5]

_____

[5] *See In Re Certain Television Sets, Television Receivers, Television Tuners, and Components Thereof,* 337-TA-910, Comm's Op. at 41 – 42 ("In the context of section 337, we conclude that service of a section 337 complaint can be adequate to provide knowledge of the asserted patents. The Commission's Rules of Practice and Procedure dictate that complainants provide highly detailed information concerning the asserted patents and complainants' infringement allegations.").

128.    Pursuant to Commission Rule 210.12(a)(9)(viii), a claim chart mapping Asserted Independent Claims 1 and 14 of the '994 Patent to the "Battle Born" 100Ah 12V LiFePO4 Deep Cycle Battery purchased by Complainants is provided as Exhibit 63. A claim chart mapping Asserted Independent Claims 1 and 12 of the '207 Patent to the "Battle Born" 100Ah 12V LiFePO4 Deep Cycle Battery purchased by Complainants is provided as Exhibit 64.

129.    On information and belief, "Battle Born" 100Ah 12V LiFePO4 Deep Cycle Battery purchased by Complainants is representative of all Dragonfly Respondents' Accused Products.

130.    Accused Products sold by Dragonfly include those sold on its website and through its Amazon store, including: 12V Group 24 (50Ah) LiFePO4 Heated Battery Kit SKU: BB1250H; 12V Group 24 (75Ah) LiFePO4 Heated Battery Kit SKUL BB1275H; 24V LiFePO4 Heated Battery Kit SKU: BB5024H; 24V LiFePO4 Heated Battery Kit SKU: BB1250; 75Ah 12V Group 24 LiFePO4 Deep Cycle Battery SKU: BB1275; 12V GC2 LiFePO4 Heated Battery Kit SKU: BBGC2H-1KIT; 12V GC3 LiFePO4 Heated Battery Kit SKU: BBGC3H; 50Ah 24V LiFePO4 Deep Cycle Battery SKU: BBGC3H; 12V LiFePO4 Heated Battery Kit SKU: BB10012H-1KIT; 270Ah 12V LiFePO4 Deep Cycle GC3 Battery SKU: BBGC3; 100Ah 12V GC2 LiFePO4 Deep Cycle Battery SKU: BBGC2; and 100Ah 12V LiFePO4 Deep Cycle Battery SKU: BB10012.

131.    Discovery may reveal additional Dragonfly Respondents' Accused Products that the Dragonfly Respondents' Accused Products infringe additional claims of the Asserted Patents.

**10.    MillerTech**

132.    MillerTech imports components for the Accused Products, assembles the Accused Products in the United States, and sells within the United States fully assembled Accused

Products, after importation of the components thereof, that directly infringe (literally and/or under the doctrine of equivalents) and/or contributorily infringe at least the Asserted Claims.

133.    Specifically, components for the MillerTech Accused Products are manufactured in China, imported for assembly in the United States, and assembled into the Accused Products from these imported components in the United States by MillerTech. *See* Ex. 65 (www.millertechenergy.com/history) ("After extensive product research, Lester Miller found a source in Asia and realized it would be far more economical to source the cells and components overseas. This development has made lithium power technology affordable for marine use, agricultural and industrial use all over the United States.").

134.    MillerTech sells fully assembled batteries in the United States after importation of the components thereof through its website, https://millertechenergy.com/batteries/, and though the MillerTech online store on the Amazon ecommerce platform. Ex. 66 (MillerTech Amazon Store).

135.    On April 24, 2024, Complainants directed the purchase of a MillerTech 12V 100AH Intelligent Lithium Iron Phosphate Battery in the United States through www.milllertechenergy.com. *See* Ex. 67C (invoice for purchase of MillerTech 12V 100AH Intelligent Lithium Iron Phosphate Battery in the United States). In addition to the components that MillerTech admits it imports (Ex. 65), the packaging of the MillerTech 12V 100AH Intelligent Lithium Iron Phosphate Battery purchased by Complainants includes markings in Chinese:

| 产品型号<br>Model | #12100-L |
|---|---|
| 装箱数量<br>Quantity | 1 pc |
| 外箱尺寸<br>Size | 388*230*285 mm |
| 外箱总重<br>Weight | 12.47 kg |
| 订单编号<br>Order number | LX-A4385 |
| 箱号<br>Note | |
| 成品出货检验<br>OQC | |

Ex. 68.

136.    The imported components, alone or in combination, contributorily infringe the Asserted Patents because they are specially made or adapted to infringe the Asserted Patents and would have no other substantial non-infringing use.

137.    MillerTech has knowledge of the Asserted Patents through the service of this Complaint and is aware of the allegations that its Accused Products infringe the Asserted Claims of the Asserted Patents as indicated in Exhibits 69 and 70.[6]

138.    Pursuant to Commission Rule 210.12(a)(9)(viii), a claim chart mapping Asserted Independent Claims 1 and 14 of the '994 Patent to the MillerTech 12V 100AH Intelligent

---

[6] *See In Re Certain Television Sets, Television Receivers, Television Tuners, and Components Thereof,* 337-TA-910, Comm's Op. at 41 – 42 ("In the context of section 337, we conclude that service of a section 337 complaint can be adequate to provide knowledge of the asserted patents. The Commission's Rules of Practice and Procedure dictate that complainants provide highly detailed information concerning the asserted patents and complainants' infringement allegations.").

Lithium Iron Phosphate Battery purchased by Complainants is provided as Exhibit 69. A claim chart mapping Asserted Independent Claims 1 and 12 of the '207 Patent to the MillerTech 12V 100AH Intelligent Lithium Iron Phosphate Battery purchased by Complainant is provided as Exhibit 70.

      139.    On information and belief, the MillerTech 12V 100AH Intelligent Lithium Iron Phosphate Battery purchased by Complainants is representative of all Dakota Accused Products

      140.    Accused Products sold by MillerTech include those sold on its website and through its Amazon store, including: 12V 100AH Intelligent Lithium Iron Phosphate Battery (12100L); 12V 100AH SPRINTR Economy Battery (12100SP); 12V 12AH 8D Replacement Intelligent Lithium Iron Phosphate Battery (402-R); 12V 12AH Intelligent Lithium Iron Phosphate Battery (1212L); 12V 135AH Sport Series Lithium with Bluetooth (12135-DP); 12V 15AH Sport Series Lithium Battery (1215-BT); 12V 190AH Sport Series Battery with Bluetooth (12190-DP); 12V 190AH SPRINTR Economy Battery (12190SP); 12V 200AH Intelligent Lithium Iron Phosphate Battery (12200L); 12V 20AH Intelligent Lithium Iron Phosphate Battery (1220L); 12V 300AH Intelligent Lithium Iron Phosphate Battery (12300L); 12V 33AH Intelligent Lithium Iron Phosphate Battery (1233L); 12V 40AH Sport Series Lithium Battery with Bluetooth (1240-BT); 12V 45AH Intelligent Lithium Battery (1245L); 12V 45AH with Cigarette Lighter Power Port (1245L-Cig); 12V 50AH SPRINTR Economy Battery (1250SP); 12V 560AH Sport Series Lithium Battery (12560-BT); 12V 75AH Intelligent Lithium Battery (1275L); 12V100AH Sport Series Dual Purpose Battery (12100-DP); 12V 22AH Sport Series Lithium Battery with Bluetooth (1222-BT); 12V55AH Sport Series Lithium Battery with Bluetooth (Built in low-temp charging protection!) (1255-BT); Sport Series Lithium Battery (Group Size 24) 12V 100AH with Bluetooth (12100G24); Sport Series Lithium Battery (Group

Size 31) 12V 100AH with Bluetooth (12100-BT); 24V 60AH Intelligent Lithium Battery (2460L); 24V60AH Sport Series Lithium Battery with Bluetooth (2460-BT); 24V80AH Sport Series Lithium Battery with Bluetooth (2480-BT); 36V 60AH Marine Trolling Battery (3660-BT); 36V50AH Sport Series Lithium Battery with Bluetooth (3650-BT); and 48V 50AH Golf Cart Battery (4850-BT).

141.    Discovery may reveal additional MillerTech Accused Products and that MillerTech Accused Products infringe additional claims of the Asserted Patents.

## VI.    RELATED LITIGATION

142.    To Complainants' knowledge, the Asserted Patents are not and have not been the subject of any current or prior court or agency litigation. Contemporaneous with the filing of this complaint, Complainant will be filing complaints in various District Courts, where venue is appropriate, against Respondents alleging infringement of the Asserted Patents. Other than the contemporaneously filed District Court cases, there are no other related litigations, U.S. Patent Office Proceedings, or other foreign or domestic agency proceedings.

## VII.    CLASSFICATION UNDER THE HARMONIZED TARIFF SCHEDULE

143.    The Accused Products fall within at least the following heading of the Harmonized Tarriff Schedule ("HTS") of the United States: 8507.6000 (Lithium-ion batteries). This classification is intended for illustrative purposes only and is not intended to restrict the scope or type of subject products.

## VIII.    DOMESTIC INDUSTRY

144.    A domestic industry in the United States relating to articles protected by the Asserted Patents exists as defined in 19 U.S.C. §§ 1337(a)(2)-(3) based on the domestic activities and investments of the Complainants, its predecessors, subsidiaries, affiliates, and/or licensees. Specifically, an industry exists under Section 337(a)(3)(A) based on significant investments in

plant and equipment; under Section 337(a)(3)(B) based on significant employment of capital and labor; and/or under Section 337(a)(3)(C) due to substantial investment in exploitation of the Asserted Patents through activities such as engineering, research and development, testing, technical service, and warranty support.

### A.    The Technical Prong

145.    As required by Section 337(a)(2), a domestic industry exists in the United States relating to products protected by the Asserted Patents. The products protected by the Asserted Patents and that practice at least one exemplary claim of the Asserted Patents (the "Domestic Industry Batteries") are Lithium-Ion Batteries with novel control circuits. These batteries are designed, tested, and supported by Complainants at LithiumHub's South Carolina facility. The Domestic Industry Batteries, and a variety of associated accessories that are designed and sold to be used with the Domestic Industry Batteries (the Domestic Industry Batteries and accessories thereto are collectively referred to herein as the "Domestic Industry Products"), are identified in Exhibit 71.

### 1.    The '994 Patent

146.    The Domestic Industry Batteries listed in Exhibit 71 practice one or more claims of the '904 Patent. Pursuant to Commission Rule 210.12(a)(9)(ix), a chart mapping Asserted Independent Claim 1 of the '994 Patent to one such product, the Ionic Lithium 12V 100Ah | LiFePO4 Deep Cycle Battery + Bluetooth, Model No. IC-12V100-EP4S, is attached hereto as Exhibit 72. The IC-12V100-EP4S is representative of all Domestic Industry Batteries with respect to the '994 Patent.

### 2.    The '207 Patent

147.    The Domestic Industry Batteries listed in Exhibit 71 practice one or more claims of the '207 Patent. Pursuant to Commission Rule 210.12(a)(9)(ix), a chart mapping Asserted

Independent Claim 1 of the '207 Patent to one such product, the Ionic Lithium 12V 100Ah | LiFePO4 Deep Cycle Battery + Bluetooth, Model No. IC-12V100-EP4S, is attached hereto as Exhibit 73. The IC-12V100-EP4S is representative of all Domestic Industry Batteries with respect to the '207 Patent.

### B.     The Economic Prong

148.     A domestic industry in the United States exists as defined in 19 U.S.C. §§ 1337(a)(2)–(3) as a result of domestic activities and investments of Complainants. Specifically, Complainants invented, researched, designed, developed, engineer, and/or support in the United States the Domestic Industry Products, which practice at least one claim of each of the Asserted Patents. The Domestic Industry Products are identified in the accompanying Confidential Exhibit 74C.

149.     To the extent the Commission determines (a) the written license agreement between Lithiumhub Technologies, LLC and LithiumHub memorializing the unwritten license to LithiumHub precludes reliance on investments made by LithiumHub prior to the written license, and/or (b) that the industry LithiumHub alleges to exist as of the date of the Complaint is determined not to exist due to the length of time LithiumHub has operated subject to its written license, an industry relating the protected articles is in the process of being established on the basis of investments that will be made by LithiumHub subsequent to the written license.

150.     Finally, on information and belief, an industry in the United States exists as defined in 19 U.S.C. §§ 1337(a)(2)–(3) as a result of domestic activities and investments of licensee Goodall. Specifically, on information and belief, Goodall makes significant and/or substantial domestic investments in plant, equipment, labor, capital, engineering, and/or R&D related to products that practice at least one claim of each of the Asserted Patents.

### 1. A Domestic Industry Relating to the Domestic Industry Products Exists

151.    Martin Koebler, the named inventor of the Asserted Patents, founded Super Lattice Inc., in 2007. While working at Super Lattice Inc., Mr. Koebler researched, designed, and developed an initial version of the technology that subsequently became the technology covered by the Asserted Patents. Super Lattice, Inc. changed its name to Stark Power, Inc. While working at Stark Power, Inc. Mr. Koebler researched, designed, and developed the technology covered by the Asserted Patents. In 2018, Stark Power, Inc. ceased all operations and in 2019 entered bankruptcy and its assets were sold. Mr. Koebler purchased the Asserted Patents in the bankruptcy sale in 2020.

152.    In 2018, Mr. Koebler started LithiumHub. While self-employed at LithiumHub, Mr. Koebler and LithiumHub researched, developed, and designed the Domestic Industry Batteries and associated accessory products. Mr. Keller and LithiumHub made significant investments with respect to the Domestic Industry Batteries and associated accessories.

153.    For example, in 2021, Mr. Koebler purchased the South Carolina facility at 125 Tate Road in Norris, South Carolina. Mr. Koebler and LithiumHub made significant investments to renovate the Norris facility and make it suitable for LithiumHub to conduct its business at the facility. Details of Mr. Koebler's and LithiumHub's investments in the Norris facility are set forth in Confidential Exhibit 74C.

154.    The Domestic Industry Products are the subject of additional historic and ongoing domestic investments by Complainants. Indeed, LithiumHub's entire business is built around the Domestic Industry Batteries and the patented technology contained therein, as demonstrated by the fact that sales of Domestic Industry Products generate virtually all of LithiumHub's revenue. *See* Ex. 74C.

41

155.    Complainants' significant domestic investments in the Domestic Industry Products and the technology of the Asserted Patents is substantial, continuing and ongoing. Detailed information regarding Complainants' investments in plant, equipment, labor, capital, research and development, testing, engineering, and support relating to the Domestic Industry Products and the technology of the Asserted Patents is set forth in Confidential Exhibit 74C.

### 2.    A Domestic Industry Relating to the Domestic Industry Products is in the Process of Being Established

156.    To the extent Complainants may not rely on LithiumHub's investments prior to the written license to LithiumHub, and/or the length of time LithiumHub has operated subject to that written license is deemed insufficient to constitute an existing domestic industry, an industry relating to the Domestic Industry Products is in the process of being established. Specifically, Complainants have and are taking the necessary tangible steps to establish such an industry in the United States and there is a significant likelihood that the industry requirement will be satisfied in the future.

157.    First, Complainants are taking the necessary steps to confirm that LithiumHub's investments in the Domestic Industry Products are in protected articles by memorializing the LithiumHub license in writing. *See* Ex. 26C. Second, LithiumHub is taking all necessary steps to continue researching, developing, engineering, testing, and servicing the Domestic Industry Products in the United States. These steps include, *inter alia*, securing a facility in which to continue performing these activities in the United States and employing a domestic workforce to continue to conduct these activities in the United States. LithiumHub is also maintaining its pre-existing relationship with the manufacturer of the Domestic Industry Products, ensuring that the Domestic Industry Products will continue to be available and that LithiumHub's existing business will continue in the future.

42

158.    Second, there is a significant likelihood that an industry will exist (to the extent it does not already exist) based on LithiumHub's domestic investments after the written license. LithiumHub's business and its investments in the Domestic Industry Products continue to grow. LithiumHub's continued investments in the Domestic Industry Products, which are detailed in Confidential Exhibit 74C, are continuing in nature and are expected to continue and/or increase along with LithiumHub's business.

159.    LithiumHub expects that its investments in the Domestic Industry Products for any given period after the written license agreement will equal or surpass its investments in the Domestic Industry Products for the equivalent period prior to the written license agreement. As detailed in Confidential Exhibit 74C, LithiumHub's investments in the Domestic Industry Products prior to the written license agreement constitute significant and/or substantial investments in the Domestic Industry Products. Similar investments after the written license agreement will also satisfy the domestic industry requirement of 19 U.S.C. § 1137(a)(2)–(3).

### 3.    A Domestic Industry Relating to the Domestic Industry Products Exists Based on Investments by Licensee Goodall

160.    As noted above, Goodall Battery, LLC is licensed to practice the Asserted Patents. *See* Ex. 24C (Goodall license). On information and belief, Vanair Manufacturing, Inc. ("Vanair"), which has its principal place of business at 10896 W. 300 North, Mich City, IN, 46360, is a wholly owned subsidiary of Goodall. *See* Ex. 75 (Indiana Business Report identifying Vanair Manufacturing, Inc. as the sole member of Goodall Battery, LLC).

161.    Vanair sells products under the Goodall brand name that practice at least one claim of each Asserted Patent. Charts mapping one such product, the Goodall Manufacturing 12V 5000A Jump Pack, Model No. REV.01, to Asserted Independent Claim 1 of the '994 Patent and to Asserted Independent Claim 1 of the '207 Patent are attached hereto as Exhibits 76 and

77, respectively. *See also* Ex. 78 (identifying Goodall branded products that practice the Asserted Patents for sale through the Vanair website, www.vanair.com).

162.    On information and belief, Vanair makes significant domestic investments in plant, equipment, labor, and/or capital, and/or substantial domestic investments to exploit the Asserted Patents. As of 2021, Vanair's headquarters in Michigan City, Indiana included 160,000 sq. ft. of production and office space. *See* Ex. 79 (Vanair fact sheet). Vanair employed 175 people as of that time. *Id.*

163.    Vanair's domestic industry in the United States is increasing. For example, in 2024, Vanair announced plans to build a new 100,000 sq. ft. facility in Michigan City, Indiana. *See* Ex 80. The expansion is expected to cost approximately $8.3 million and is expected to add dozens of jobs to Vanair's current roster of 215 employees. *Id.* When the factory expansion was announced last summer, the CEO of Vanair said "Our company has experienced remarkable growth over the past 15 years, and this expansion will enable us to meet the increasing demand for our products while creating new employment opportunities." *Id.* One of the products highlighted in the Vanair announcement is the Goodall-branded Start All Jump Pack, 12-24 V lithium-ion jump starter:

44



**Another of the latest products from the Michigan City, Ind.-based company include the dual voltage Goodall Start·All Jump·Pack 12-24 V lithium-ion jump-starter. It offers over 10,000 A of starting power, which the company said makes it capable of jump-starting agricultural, construction and vocational equipment. It can also work as a portable charger for recharging smartphones, tablets and other USB devices. It's products like this that are taking Vanair into completely new markets. (Photo: Vanair)**

*Id.*

164.    Additional information regarding Vanair is set forth in Confidential Exhibit 74C. Complainants also intend to seek additional information from Vanair during discovery in this Investigation to support the claim of the existence of a domestic industry based on Vanair's domestic activities and investments related to articles protected by the Asserted Patents.

## IX.    REQUESTED RELIEF

165.    WHEREFORE, by reason of the foregoing, Complainant requests that the United States International Trade Commission:

(a)      Institute an investigation, pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337(a)(1)(B)(i) and (b)(1), with respect to Proposed Respondents' violations of Section 337 based upon the importation into the United States, sale for importation, and/or sale within the United States after importation of Accused Products that infringe one or more claims of the Asserted Patents, as well as the importation into the United States, sale for importation into the United States, and/or sale within the United States after importation of components of products that infringe the Asserted Patents, as well as inducing others to sell after importation products containing the Accused Products;

(b)      Schedule and conduct a hearing on said unlawful acts for the purpose of (i) receiving evidence and hearing argument concerning whether there has been a violation of Section 337, and (ii) determining that there has been a violation of Section 337; and following said hearing, determining that there has been a violation of Section 337;

(c)      Issue a permanent limited exclusion order pursuant to 19 U.S.C. § 137(d)(1) directed to products that are manufactured, imported, sold for importation, or sold after importation in the United States by or on behalf of the Proposed Respondents and their subsidiaries, related companies, and agents, excluding the Accused Products from entry into the United States that infringe, directly or indirectly, induce infringement of and/or contribute to infringement of one or more claims of the Asserted Patents;

(d)      Issue a permanent cease and desist order or orders, pursuant to 19 U.S.C. § 1337(f), directing the Proposed Respondents and their subsidiaries, related companies, distributors, and agents from engaging in unfair acts including, but not limited to, importing, marketing, advertising, demonstrating, warehousing inventory for distribution, offering for sale, selling or transferring (except for exportation), distributing, displaying, licensing, using,

46

providing technical support for and/or otherwise transferring within the United States, the Accused Products and products including the same that infringe induce infringement of, and/or contribute to the infringement of one or more claims of the Asserted Patents, or engaging in any other commercial activity related to such products in the United States;

(e)    Pursuant to 19 U.S.C. §1337(j), set and impose a bond on importation and sales of infringing products sufficient to protect Complainant during the 60-day period of Presidential review of the Commission's remedial orders; and

(f)    Grant such other and further relief as the Commission deems just and proper based on the facts determined by the investigation and the authority of the Commission.

Dated: September 12, 2024                Respectfully submitted,


                                         */s/ Thomas R. Burns, Jr.*
                                         Paul M. Bartkowski
                                         Thomas R. Burns, Jr.
                                         **BARTKOWSKI PLLC**
                                         6803 Whittier Ave., Suite 200A
                                         McLean, VA 22101
                                         Telephone: (571) 533-3581
                                         Facsimile: (571) 775-3883
                                         E-Mail: LITH-ITC@dority-manning.com

                                         Tim F. Williams
                                         Scott A. Cole
                                         Mark H. Johnson
                                         **Dority & Manning LLP**
                                         Two Liberty Square
                                         75 Beattie Place, Suite 1100
                                         Greenville SC 29601
                                         Telephone: (800) 815-6705
                                         Facsimile: (864) 233-7342
                                         Email: LITH-ITC@dority-manning.com

                                         Nicole S. Cunningham
                                         Steven A. Moore
                                         Helen Zhang
                                         **Dority & Manning LLP**
                                         2869 Historic Decatur Road
                                         San Diego, CA 92106
                                         Telephone: (800) 815-6705
                                         Facsimile: (864) 233-7342
                                         Email: LITH-ITC@dority-manning.com

                                         *Counsel for Complainants LithiumHub, LLC,*
                                         *Lithiumhub Technologies, LLC, and Mr. Martin*
                                         *Koebler*

## VERIFICATION OF COMPLAINT

I, Martin Koebler, to the best of my knowledge, information, and belief founded upon reasonable inquiry, hereby declare in accordance with 19 C.F.R. §§ 210.4 and 210.12(a), as follows:

1. I am the Founder and President of LithiumHub, LLC, and am duly authorized to sign this Complaint;

2. I have read the Complaint and am aware of its contents;

3. The Complaint is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

4. To the best of my knowledge, information, and belief founded upon reasonable inquiry, the claims and legal contentions of the Complaint are warranted by existing law or a nonfrivolous argument of the extension, modification or reversal of existing law or the establishment of new law; and

5. The allegations and other factual contentions made in the Complaint have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2024.

Martin Koebler
Founder and President
LithiumHub, LLC